SAMUEL C. CONWELL

*v.*

McCLELLAN WATKINS *et al.*

1. PRACTICE—*how and when want of parties to a bill can be taken advantage of.* The want of proper parties to a bill in chancery can not be taken advantage of, for the first time, in the Supreme Court, unless it appears that parties are omitted whose rights are so connected with the subject matter of the suit, that a final decision thereof can not be made without materially affecting their interests.

2. Where the want of proper parties is apparent, advantage should be taken of it by demurrer or by motion to dismiss; if not patent, by plea or answer.

3. RETURN OF EXECUTION—*presumption.* Where an execution was issued and placed in the hands of a sheriff, who levied it upon real estate, but proceeded no further with it, and it was found several years afterwards in the clerk's office, it will be presumed that the sheriff returned it there, as it was his duty to do so.

4. LIEN—*levy of an execution on real estate.* The levy of an execution upon real estate has no force in the creation of a lien, except in the single instance where the execution is issued to a foreign county, and a certificate of levy recorded as the statute requires.

5. JUDGMENT LIEN—*not continued beyond seven years by levy of an execution.* The levy of an execution on land in the county where the execution issues, creates no lien on the land; in such case the lien, if any exists, is that of the judgment, and the levy of an execution will not operate to continue the lien of the judgment beyond the statutory period of seven years.

6. CLOUD UPON TITLE — *subsequent sale on execution.* Where a judgment was rendered in 1858, and an execution issued upon it and levied upon real estate in June, 1858, and no further steps taken until in February, 1867, when the property was advertised for sale under the execution, and sold, it was *held,* that the sale could not be sustained, and the title acquired under it should be set aside as a cloud upon the title of one who had become the owner of the title by conveyances from the defendant in the execution, after the levy and before the sale.

7. SAME—*reimbursing the subsequent purchaser.* In a bill to remove a cloud upon the title of complainant, caused by a sale under an execution against a former owner, which was issued and levied in 1858, but upon which the sale was not made until in 1867, it is not contrary to equity to grant the relief sought without requiring the re-payment to the purchaser at the sale under the execution, of the amount paid by him at the sale. The maxim of *caveat emptor* applies in such a case—the purchaser takes his chances in bidding, and is presumed to know what he is buying, and all about it.

8. SAME—*decreeing conveyance.* On a bill to remove a cloud upon the title of complainant, it is not proper for the court to decree a conveyance of the title alleged to be a cloud, to the complainant. It is sufficient for the court to remove the deeds as a cloud upon complainant's title, and then stop.

9. RELIEF—*must not be granted to a stranger to the record.* Where the record shows a bill filed by a complainant, and there is nothing in the record showing that such complainant died after the filing of the bill, and that an administrator had been appointed, it is error for the court to grant relief to one as the administrator of such complainant. If the complainant dies during the pendency of the suit, and an administrator is appointed, and seeks the relief to which his intestate was entitled, these facts should be made to appear, by proper amendments, before taking a decree.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Messrs. LACEY & WALLACE, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a bill, exhibited by Thomas Watkins, on the equity side of the circuit court of Mason county, against Samuel C. Conwell, to remove a cloud upon the title to a certain tract of land therein described, claimed by the complainant, caused by the sale of the same tract of land on an execution issued out of the circuit court of that county, and of which the defendant had become the purchaser.

During the progress of the cause, complainant died, and Mary A. Watkins, the sole devisee under his last will and testament, was, on motion, substituted as complainant. Defendant having answered the original bill, setting up a title derived from a source other than that of the execution debtor and the sale by the sheriff, the complainant filed a supplemental bill, praying that the title thus acquired by defendant should be decreed to her.

The court decreed as prayed in the original and supplemental bills, and further found, on the hearing on the assessment of damages, there was due from defendant to Thomas Watkins, as administrator of the estate of Mary A. Watkins, deceased, as rent for the land in controversy, during the time it was controlled by the defendant, the sum of one hundred and fifty dollars, and decreed that the defendant pay that sum to the said administrator.

To reverse this decree the defendant appeals, and makes the point that proper parties were not before the court—that neither John McCowan nor Joseph Brown was a party.

This objection can not be made in this court for the first time—it comes too late, unless it shall appear parties are omitted whose rights are so connected with the subject matter of the suit, that a final decision thereof can not be made without materially affecting their interests. *Scott, Admr.* v. *Bennett,* 1 Gilm. 646 ; *Prentice* v. *Kimball,* 19 Ill. 320, where it was also held, where the want of proper parties is apparent,

advantage should be taken of it by demurrer or by motion to dismiss—if not patent, by plea or answer.

But the record shows these persons were made parties, and McCowan brought in by publication, but no default was taken against him. As to Joseph Brown, he was made a party to the bill, but no process was served on him, nor was he brought in by publication; consequently no default could be taken against him. As to McCowan, regularly his default should have been entered, if he failed to comply with the rule to plead or answer the bill. But it was not material, as the record shows he had no real, subsisting interest in the matter in controversy. The judgment he had against Fenan, which caused this cloud, had been satisfied by the purchase of Fenan's land by Conwell. As to Brown, the suit should, regularly, have been dismissed, as he had died before the commencement of the suit, and his heirs had sold and conveyed all their interest in the land to the defendant. The defendant, really, was the only party in interest. He sets up the deed in proof of his claim and interest. He, and he only, had the legal and equitable title, if there was any outstanding. The original bill was filed for the purpose of setting aside the sale under the execution by force of which he claimed, and he, only, was the party to be affected by that.

The next point made by appellant is, that the proof does not sustain the decree. This is based on the alleged duty of complainant to prove that sheriff West returned the execution into the clerk's office, as an officer. The allegation in the bill is not that he so returned the execution. It is alleged, the execution was placed in his hands on the 19th of May, 1858, and that he levied it on the land in question on the third day of June next following, and proceeded no further with the execution, but returned it to the clerk's office, where it remained until February, 1867, (nineteen years) when appellant took it from the clerk's office, and placed it in the hands of the then sheriff, who, thereupon, advertised the land under it, and sold it to appellant. The decree finds the fact,

that the execution was levied on this land June 3, 1859, and afterwards returned into the clerk's office before any sale was made; that, afterwards, it was taken out of the office by appellant. in 1867, and placed in the hands of the then sheriff, who sold the land under it to appellant.

We think the evidence fully sustains this part of the finding. There being no direct evidence on the point how this execution got back to the clerk's office, the presumption that every public officer does his duty must be indulged, that the then sheriff returned it, as it was his duty so to do.

A sale under it, no matter how this execution got into the clerk's office, made nineteen years after the levy, can not be sanctioned. If the judgment against Fenan, after being certified into the circuit court, became a lien on this land, it became so the day it was filed, which was May 8, 1858. The execution issued upon it was no lien, but that fact continued the lien of the judgment for seven years, but the levy did not operate to continue the lien.

In *Tenney et al.* v. *Hemmenway*, 53 Ill. 97, this court said, that the levy of an execution upon land had no force in the creation of a lien, except in the single instance where the execution is issued to a foreign county, and the certificate of levy recorded as the statute requires; with that exception, the lien, if any exists, is that of the judgment, and the levy of an execution will not operate to continue the lien of the judgment beyond the statutory period of seven years.

On the point that the decree is contrary to equity, in not requiring the re-payment to appellant of the money he paid for the land under this execution sale, he being a *bona fide* purchaser, we have only to say, the maxim of *caveat emptor* well applies in such a case. Appellant took his chances in bidding, and is presumed to have known what he was buying, and all about it.

Upon the point that the court decreed the title appellant derived from the Browns to be conveyed to complainant, was, on the authority of the case of *Rucker* v. *Dooley et al.* 49 Ill.

377, error.   It was sufficient for the court to remove these deeds as a cloud, and then stopped.

On the remaining point, that the court decreed the payment of a sum of money to Thomas Watkins, administrator of Mary A. Watkins, as rents, this was erroneous, as the record nowhere shows that any such person as Thomas Watkins was administrator of Mary A. Watkins, or that she had died during the pendency of the suit, and before final decree. All these, and such like contingencies, should have been provided for by proper amendments to the bill.

The decree is reversed in these two last points, and affirmed as to the others.   The appellant, however, will be required to pay all the costs, as there does not appear to be any equity in his claim.   He had good reason to know Fenan had parted with this title to the land to Watkins, and that the Browns, of whom he purchased, had no title when they conveyed to him, and he gave to some of them a mere trifle for these deeds, and to the others nothing.   He seemed desirous of enjoying the luxury of a lawsuit, and ought to pay the costs attending it.

*Decree reversed in part.*