IRA JAMES

*v.*

H. C. WORTHAM *et al.*

1. EXECUTION—*sale under, after seven years.*   Under the code of 1845, a judgment, where an execution is issued within a year after the close of the term, continues to be a lien on the defendant's real estate seven years from the close of the term at which it is rendered, and no longer; and a sale made of such real

estate after the expiration of seven years, confers no title as against subsequent incumbrancers or purchasers, though the levy may have been made before the seven years expire. Such levy will not continue the lien of the judgment beyond the seven years.*

2. Where A recovered judgment against B in 1862, at a term of the circuit court which adjourned May 31, 1862, and an execution was issued on the same within one year, but returned *nulla bona,* and a *pluries* execution issued on February 23, 1869, and was levied on the land of B, and sale made of the same on June 12, 1869, and in 1867 judgments were recovered in the county court against the estate of B, who was then deceased, and for the payment of which the same land was sold by the administrator of B to C, under a decree of court, to pay debts, and a deed made to him by the administrator, it was *held,* that C acquired the title of B in the land, and that the purchaser under the *pluries* execution acquired no title by his purchase and sheriff's deed, and that the title of such purchaser would be set aside in equity as a cloud upon the title of C.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. O. B. FICKLIN, and Messrs. CRAIG & LEITCH, for the appellant.

Messrs. WILEY & NEAL, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding on the equity side of the Coles circuit court, by bill, in which Henry C. Wortham and others were complainants and Ira James defendant, the scope of which was, and of a supplemental bill filed in the same cause, to remove a cloud upon complainants' title to the lands described in the bill, and to prohibit defendant from setting up title to the premises. There was a demurrer to the bill, which was overruled, and answers were put in, and a cross-bill by James, to which an answer was put in by complainant Wortham and by the other complainants, Thomas B. Johns and Samuel Smith, and issues were made up and a hearing had, resulting

* As to the change in the law respecting judgment liens, see act of March 22, 1872, laws 1871–2, 505; Rev. Stat. 1874, 621.

in a decree for complainants, as prayed, to reverse which James appeals.

It is necessary to consider the various allegations and points made in the cause, as the merits are found in their consideration.

The premises belonged to John L. Allison, in his lifetime. After his death, in 1864, Adam Hart was appointed administrator *de bonis non* on the estate of Allison, who obtained an order of court, in due form, to sell the real estate of decedent for the payment of his debts. Under this order, Hart, the administrator, in pursuance of law, sold the premises to Wortham, complainant, and executed and delivered to him a deed therefor, bearing date January 20, 1871. Complainant also exhibited in evidence a deed of quitclaim to the premises, executed by Ira James and wife and others to complainant Wortham, bearing date January 31, 1870. Certain partition proceedings were also offered in evidence, not necessary to be particularly noticed.

The foundation of the title of Ira James seems to be this: Egbert A. Thompson & Co., at the May term, 1862, of the Coles circuit court, recovered a judgment against Allison, which term of court, as appears by agreement of the parties, finally closed on May 31, 1862. An execution issued on this judgment within one year after the final adjournment of the court, which was returned *nulla bona,* and it is agreed that the *pluries* execution on the judgment in favor of Thompson against Allison was issued on February 23, 1869, and levied by the sheriff on the land in controversy, and a sale made to defendant, James, on June 12, 1869, at the price and sum of ten hundred and seventy-five dollars. In addition to this title, the defendant, James, claimed an interest in the premises, as follows: The original owner of the premises was James F. Cunningham, under a patent from the United States, who conveyed an undivided two-thirds interest to John Cunningham and the deceased, John L. Allison. John Cunningham's interest in the land, on July 7, 1869, was conveyed by him in trust, to pay

debts, to Ira James and William S. Hinkle, and they conveyed to complainant.

Now, it is insisted by James that all the interest he conveyed to complainant, or intended to convey, was the interest derived from John Cunningham, and not the interest he derived by the purchase and deed under Thompson's judgment against Allison, and the question is reduced to this: What interest did James acquire by the purchase under that judgment and execution?

Complainant insists, that he has Allison's title by his purchase under the sale by the administrator to pay debts, and that the claim of James under the execution is mere pretense. That defendant sold all his Cunningham interest to complainant is admitted, and there is no controversy about that, and we are of opinion that was all the substantial legal interest he had in the premises, deriving nothing from the sale and purchase under the Thompson execution, for the reason that more than seven years had elapsed after the adjournment of the court at which the judgment was rendered before a levy and sale, and in the meantime incumbrances were created, under which complainant derives his title.

The statute is plain on this subject. Sec. 1, ch. 57, title "Judgments and Executions," Rev. Stat. 1845. These proceedings were had under this code, and in construing it it was said by this court, in *Tenney, Admr.* v. *Hemenway,* 53 Ill. 97, where an execution is issued upon a judgment within a year, the judgment will continue to be a lien as against subsequent purchasers for a period of seven years after the last day of the term at which it was rendered, and no longer; and a pending levy of an execution issued on the judgment, made during the existence of the lien, will not operate to continue the lien of the judgment beyond the statutory period of seven years.

The case before us is on all fours with this principle. The same views were expressed in *Conwell* v. *Watkins et al.* 71 Ill. 488, where it was further held that a sale under such circumstances could not be sustained, and the title acquired under it

should be set aside as a cloud upon the title of one who had become the owner of the title by conveyances from the defendant in the execution, after the levy and before the sale.

The debts of Allison, set up in this case, were created in 1864, and judgments rendered on them in the probate court in 1867, and were subsequent incumbrances, in the meaning of the statute, and as held by this court in *Gridley* v. *Watson, Admr.* 53 Ill. 186.

The sheriff's deed under the Thompson judgment being inoperative, complainants' title through the sale by the administrator of Allison vested complainants with Allison's title, and the sheriff's deed to James must be set aside as a cloud thereon, and in so decreeing the circuit court decreed right, and the decree must be affirmed.

*Decree affirmed.*