## JOHN W. THRIFT
### v.
## A. J. FRITTZ.

1. JUDICIAL SALE—INTEREST OF PURCHASER—BID—REFUSAL TO PAY.
—The purchaser at a judicial sale is always entitled to such interest as the
defendant actually has, and if, from any defect in the proceedings, a sale is so
void as that it cannot transfer the interest of the defendant, then the pur-
chaser is not bound by his bid, but may successfully resist any action seeking
its enforcement.

2. SHERIFF—SPECIAL DEPUTY—HOW APPOINTED.—A deputy sheriff
may appoint a special deputy or bailiff *pro hac vice* by indorsement on the
summons, in the name of the sheriff. Such appointments must be taken to
be the act of the sheriff.

3. ENFORCEMENT OF BID—DEFENSES.—The fact that the summons in a
proceeding to foreclose a mortgage, was served by a special deputy appoint-
ed by a deputy sheriff for that occasion, cannot be relied upon as a defense
to an action to enforce payment of a bid made at a sale under such fore-
closure.

APPEAL from the Circuit Court of Pope county; the Hon.
D. M. BROWNING, Judge, presiding.   Opinion filed August 13,
1880.

Messrs. GREEN & GILBERT and MR. J. C. COURTNEY, for ap-
pellant: that, if from any cause a sale is void so that it cannot
transfer title, the purchaser is not bound by his bid, cited
Freeman on Executions, 503; Rorer on Judicial Sales, 66;
Williamson v. Field, 2 Sanders, 533; McGowan v. Wilkins, 1
Paige, 120; Ormsby v. Terry, 6 Bush. 553; Vance's Adm'r v.
Foster, 9 Bush.—; Jackson v. Edwards, 22 Wend. 498; Mor-
ris v. Mowatt, 2 Paige, 586; Matter of Cavanaugh, 37 Barb.
22; Conors v. Smith, 10 Watts, 392; Boggs v. Hargrave, 16
Cal. 559.

A deputy cannot appoint a deputy: 1 Bouv. Law Dic. 407;
Viner's Abr. 557; Bacon's Abr. 155; Parker v. Kett, 1 Salk. 96.

As to appointment of deputies: Ill. Land and Loan Co. v.
McCormick, 61 Ill. 322; Rev. Stat. Chap. 125,§ 12; Village
of Glencoe v. The People, 78 Ill. 382.

Section 12 of Chap. 125 is only declaratory of the common law: Guyman v. Burlingame, 36 Ill. 201.

A petition to enforce payment of deficiency on a re-sale should show that the necessary preliminary steps have been taken: Hill v. Hill, 58 Ill 239.

A judgment at law is no part of the record in a chancery case, unless embodied in a certificate of evidence: Petty v. Scott, 5 Gilm. 209.

In all cases where an estate is to be divested under statute authority, the mode of proceeding must be strictly complied with: Potter's Dwarris on Statutes, 224.

Under the English practice, the manner of compelling compliance with a bid is by rule *nisi*, followed by attachment and commitment of the bidder: Lansdown v. Elderton, 14 Ves. 512; Savill v. Savill, 1 P. Wms. 745.

This would seem to be the rule in this country: Dills v. Jasper, 33 Ill. 262; Rorer on Judicial Sales, 66; Executors, etc. v. Cortlandt, 2 Johns. Ch. 505.

Mr. W. P. SLOAN and Messrs. TANNER & WILBANKS, for appellee; that an amendment of a return may be had after the cause is disposed of, on notice to the opposite party, cited Moore v. The People, 3 Gilm. 149; Morris v. School Trustees, 15 Ill. 266: Hawes v. Hawes, 33 Ill. 287; Sandburg v. Papineau, 81 Ill. 446.

As to enforcement of payment of deficiency on a re-sale: Dills v. Jasper, 33 Ill. 262; Hill v. Hill, 58 Ill. 239.

BAKER, J.    Frittz filed a bill to foreclose a mortgage on real estate.    The widow and infant children of the deceased mortgagor were parties defendant.    Thrift, the appellant, was also made a party defendant, and filed a cross-bill to foreclose a junior mortgage on the same land.    The widow made default; and a *guardian ad litem*, answered for the infants.    There was a decree of foreclosure on both mortgages, and for a sale of the premises, and distribution of proceeds.    At the November term, 1878, of the Pope Circuit Court, the master reported, that at the sale Thrift bid $253.60, and the land was struck off

Thrift v. Frittz.

and sold to him, and that he afterwards refused to accept a certificate of purchase, or pay any part of his bid. This report was approved. At the March term, 1879, a motion was made by Frittz, that Thrift be ordered to pay the purchase money within a specified time, and that in default thereof there be a re-sale at his risk and expense. Thrift filed an answer to the effect he did not bid, or authorize any one to bid for him, and that the land was struck off to him without his knowledge or consent. This motion was submitted to the court, and the proofs heard, and the court found therefrom that Thrift did bid for said land at said sale the sum of $253.60, and that the same was struck off and sold to him; and that thereupon the master tendered him a certificate of purchase, and that he refused to receive it, or pay his bid. The court decreed, that in case of further default by Thrift for thirty-five days, there should be a re-sale of the land at his expense and risk. At the re-sale the premises were sold to one McCoy for $5; and the report of this latter sale was approved by the court. Thereupon, to the October term, 1879, Frittz filed his petition and moved the court that Thrift be required to pay the difference between his bid of $253.60, and the subsequent bid of $5, to wit: $248.60 and costs, and that in default thereof execution might issue.

Thrift filed an answer to this petition. He denied he had made the bid and bought the land; and he also set up that the only service on the defendants in the foreclosure suit was made by J. R. Weaver, claiming to act as a special deputy, but that said Weaver was not a special deputy. The court sustained an exception to the first branch of this defense. The question whether appellant authorized the bid, and bought the land, was put in issue by the answer of defendant to the motion made at the March term, 1879. Upon that issue, appellant had his day in court, and the proofs were heard, and the facts found against him. If he was dissatisfied with the findings of fact made by the court, he should have preserved the testimony by a certificate of the evidence; he not having done so, it must be presumed the findings were fully justified. The court not improperly refused to re-hear the evidence on this

matter which had been already investigated between the parties at a former stage of this same proceeding. We regard the order made at the March term, 1879, as to some extent interlocutory in its character, and one the court would take notice of without its being formally offered in evidence, and act upon its findings of fact as a basis for further relief. It is urged the service of the process in the foreclosure suit was void, and the court had no jurisdiction of the persons of the defendants; that consequently the decree and sale were void; and that appellant should not be required to comply with a bid made at a sale where he could take no interest or title. The purchaser at a judicial sale is always entitled to such interest as the defendant actually has. If a sale from any defect in the proceedings is so void as that it can not transfer such title and interest as the defendant has, then the purchaser is not bound by his bid, but may successfully resist any action seeking its enforcement. This is not upon the ground the title is worthless, but because the title bought can not be transferred to him by the sale. Freeman on Executions, § 301, and authorities cited in notes. The appointment of a special deputy in the foreclosure suit was signed, "W. S. Hodge, sheriff. By Tho. H. Alexander, dep. sheriff." It is claimed the maxim *delegata potestas non potest delegari*, has application here; and that a deputy can not make a deputy. We understand the law to be, that while a deputy can not make a deputy, yet he may authorize and empower another to do a particular specified act. The reason why he may do the one and not the other, is that the appointment of a general deputy by a deputy would imply an assignment by the deputy of his whole power, and that he can not assign; but the delegation of authority to do a particular thing implies no such general assignment of the deputy's entire power. 7 Viner's Abridgement, 527; Holt, Chief Justice, in Parker v. Kett, 1 Salk. 96; and 12 Mod. 467. In Hunt v. Burrell, 7 Johns. 137, it was expressly held, an under-sheriff may depute, in the name of the sheriff, a person to serve a particular writ, and that the maxim above quoted has no application to such case. It is urged that by § 10 of Ch. 125, R. S. 1874, the appointment of a

Thrift v. Frittz.

special deputy to serve a summons is required to be signed by the sheriff, and that this precludes the idea that such appointment may be signed by the deputy. But, § 12 of the same chapter provides: "Deputy sheriff's duly appointed and qualified, may perform any and all the duties of the sheriff in the name of the sheriff, and the acts of such deputies shall be held to be the acts of the sheriff."

To avoid a failure of service of the process of the court, it is a duty as well as a power of the sheriff to appoint a special deputy; so, in this case, the signing of the name of the sheriff to the appointment of the special deputy, endorsed on the writ, must be taken to be the act of the sheriff. It was an act of the deputy done in the name of the sheriff, presumably in the performance of a duty devolving on the sheriff.

We are of opinion that it was not the intention of our statute to take away from deputy sheriffs the common law power to appoint a special deputy or bailiff, *pro hac vice*, by endorsement on the summons in the name of the sheriff. See Guyman v. Burlingame, 36 Ill. 201.

Appellant has no just cause of complaint, because the court rendered judgment against him for $151.20, instead of $248.60. He was not injured thereby; all appellee was entitled to was $151.20, the amount due him under the decree; and the residue of the purchase money was going to appellant himself, in payment of his junior mortgage; and it would have been useless to require him to pay out money when it must immediately have been returned to him. Appellant also objects that the court awarded execution against him for the amount due appellee, instead of attaching him and committing him to jail until it was paid.

We think the award of execution authorized by section 47 of the Chancery Act, and that his complaint of the leniency of the court in this regard, is without merit.

We are unable to find any error in the record that should reverse, and the judgment is affirmed.

Affirmed.