MICHAEL BRADY, respondent,

*v.*

CARTERET REALTY COMPANY, appellant.

[Argued July 1st, 1904. Decided April 8th, 1905.]

1. At a judicial sale the rule of *caveat emptor* applies, and the purchaser buys only such estate or interest as the debtor has.

2. A sheriff's deed passes the same title which a deed of bargain and sale, executed by the judgment debtor, would pass.

3. A person claiming to have an interest in land being sold at a judicial sale, whether such person be a judgment creditor or otherwise, may, at such sale, state *facts* as to the property about to be sold, when such facts relate to the title, possession or the alleged right of possession thereof. Such statements cannot be deemed inequitable, oppressive or a slander of the title, but a failure to so do will not work an estoppel of the assertion of any right or remedy which such judgment creditor or other person in interest may have in such land.

4. But it is inequitable for a judgment creditor, or other party in interest in the land sold, to not only state facts, but to express an *opinion* as to the title, which injures and prejudices the sale of the interest which the debtor has or which will pass under the conveyance by the sheriff or other officer.

5. It is inequitable for a judgment creditor, while using the process of a court of law to collect its debt, to avail itself of the occasion of the sale to start a question of title, to cheapen what it proposes to sell, and a court of equity will enjoin it from pursuing the legal process until such question of title is settled.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported in *66 N. J. Eq. (21 Dick.) 243.*

*Messrs. Collins & Corbin,* for the appellant.

*Messrs. Ephraim Cutler* and *Willard P. Voorhees,* for the respondent.

The opinion of the court was delivered by

FORT, J.

This is an appeal from an order of the court of chancery awarding an injunction, *pendente lite,* in accordance with the prayer of the bill. The bill is filed under the statute to quiet titles. *3 Gen. Stat. p. 3486.*

With the order awarding the injunction we agree, but we think the reasons given therefor by the vice-chancellor are in some respects erroneous.

The case was heard on the bill and affidavits, no answer or answering affidavits being filed.

The defendant purchased of the executor of Zabriskie a judgment against the complainant, which it was seeking to enforce by execution, through a sale by the sheriff of Middlesex county, and at the same time giving out at such sale, or threatening to so do, that the judgment debtor had no interest in the land being sold.

On this point the allegation of the bill is:

"That at the time and place at which said sale was advertised, Edward S. Savage, an attorney-at-law of the state, who is a director of said Carteret Realty Company, and the attorney acting for said company in selling said lands under said execution, although his name does not appear as attorney of record, stated to the sheriff and those present, in opposing an adjournment, that your orator had no title to said tract of land, and was not the owner thereof, and that an adjournment should not be granted because his interest in said tract by possession was not worth anything, and that the said Edward S. Savage has stated the same thing to other persons, and has stated it in a letter written to said sheriff, and has also stated to your orator that he intends to give notice of the same thing on the day of sale of said lands under said execution."

The affidavits to the said bill support this allegation, and, among other things, say that, at an interview with the complainant, Savage, the agent and attorney of the defendant, said:

"That he intended, on the day to which the sale of said tract had been adjourned, to again announce that deponent had no title whatever to said tract and did not own it, but was a mere tenant, and that the Carteret Realty Company was the true owner of said tract."

And by another affidavit, it is further stated that

"deponent heard Edward S. Savage state to the sheriff and those present in opposing the granting of an adjournment that said Brady had not title to the lands advertised for sale, and was not the owner thereof, and that the interest of said Brady in said lands was only by possession and was not worth anything, and that the Carteret Realty Company was the true owner of said lands."

And it is further sworn that at an interview with said Savage, held after the adjournment of the sale, on the first advertised day, he said that

"he intended, on the day to which the sale of said tract had been adjourned, to again announce that deponent had no title whatever to said tract and did not own it, but was a mere tenant, and to state that the Carteret Realty Company was the true owner thereof."

Savage was a director of the defendant company and was acting for it.

Statements such as those in the bill and affidavits are more than a mere recital of an alleged claim of the defendant; they amount to an expression of opinion as to the title of the judgment debtor, and an affirmance that he is without any legal right whatever.

At a judicial sale the rule of *caveat emptor* applies, and the purchaser buys only such estate or interest as the debtor has. *Boorum v. Tucker, 51 N. J. Eq. (6 Dick.) 135; S. C., 52 N. J. Eq. (7 Dick.) 587; Campbell v. Parker, 59 N. J. Eq. (14 Dick.) 342; Snell Eq. 389.*

The vice-chancellor, in the opinion below, on this point, states the true legal rule, when he says: "The sheriff's deed passes the same title which a deed of bargain and sale executed by the judgment debtor would pass." *3 Gen. Stat. p. 2080 § 7; Laws of 1799 p. 486 § 12 (Pat. L. p. 371); 1 Nevill p. 280 § 6; Hackensack Savings Bank v. Morse, 46 N. J. Eq. (1 Dick.) 161; 47 N. J. Eq. (2 Dick.) 279; Voorhis v. Westervelt, 43 N. J. Eq. (16 Stew.) 646; Den v. Winans, 14 N. J. Law (2 Gr.) 1.*

It is undoubtedly within the right of a person claiming to have an interest in the land being sold at a judicial sale, whether

such person be the judgment creditor or otherwise, to state any *facts* as to the property about to be sold, when such facts relate to the title, possession or the alleged right of possession thereof. Such statements can in no sense be deemed inequitable or oppressive, or as a slander of the title. *25 Am. & Eng. Encycl. L. 788.*

But it is not essential to a preservation of the rights of a judgment creditor, or other person in interest in the lands of the judgment debtor being sold, that he shall state facts within his knowledge relative to the title or possession of such land at such judicial sale. His failure to do so will not work an estoppel of any rights or remedies which such judgment creditor or other person in interest has in such lands.

Judicial sales are involuntary sales. The officer of the law is the agent of the debtor in effecting the same. He does not estop the judgment creditor by his conveyance. *Den* v. *Winans, supra.*

The equitable rule, so general and so salutary, which declares "that where a man has been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent," as applied to the sale of lands, will be found in all the cases to have been so applied in cases of conveyances *inter partes,* and in no case to have been so extended as to embrace a judicial sale—a sale *in invitum.*

But we think that an entirely different rule applies from the one just stated, when a judgment creditor or other party in interest in the land sold not only stands by or states facts, but expressed an *opinion* as to the title which injures and prejudices the sale of the interest which the debtor has or which will pass under the conveyance by the sheriff or other officer. To state facts cannot injure; to express an opinion upon the facts, or without stating the facts, may be oppressive and prejudicial. It is certainly inequitable.

In the case *sub judice,* Mr. Savage did not content himself, as the representative of the judgment creditor, with merely standing by or with a statement of the facts, but he said, in effect: "It is my opinion, now given for the benefit of all purchasers at this sale, that the defendant has no title. He is a

mere squatter. A purchaser will take nothing by the sale. The judgment debtor's interest is not worth anything. The Carteret Realty Company is the true owner."

To permit a judgment creditor to so conduct a sale under his execution is to permit him to defeat the right of the judgment debtor to sell, at a judicial sale, whatever will pass under the conveyance to the purchaser, and thereby secure thereat what an unalarmed purchaser may be willing to pay.

A judgment creditor will not be permitted to assume to sell real estate and declare, as a conclusion of law or as an expression of opinion upon facts, that nothing will pass by any conveyance which may be made by the sheriff to the purchaser at the sale. Whether anything passes by a sale and conveyance of real estate at a judicial sale is a matter in which only the debtor and purchaser are concerned, and they must be allowed to determine that question for themselves from the records or from facts otherwise stated or ascertained.

The defendant, while using the process of a court of law to collect its debt, has availed itself of that occasion to start a question of title to cheapen what it proposes to sell; it, therefore, is inequitable that the legal process be pursued until such question be set at rest, the complainant having tendered by its bill a prompt opportunity to that end. The defendant should be restrained from making the sale until the case made by the complainant's bill, as to the question of title, is determined.

For these reasons, the decree of the court of chancery should be affirmed.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Fort, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray—11.

*For reversal*—None.