Tonge et al., Appellants, *v.* Radford.

Argued October 28, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Philip A. Campbell,* and with him *Victor Frey,* for appellants.

*Oscar Rosenbaum,* for appellee.

OPINION BY KELLER, J., November 11, 1931:

Appellants having obtained a judgment in the municipal court against William T. Radford in an action of trespass, caused an execution to issue against certain real estate as the property of the defendant. By virtue of this writ the sheriff of Philadelphia County duly levied upon and sold the interest of the defendant in said real estate to one Nicholas Dennis, the appellee, for $500, which was fully paid, and the sheriff's deed was executed, acknowledged, delivered and recorded in strict compliance with the Act of April 22, 1905, P. L. 265. Notice had been given by Harry E. Thomson, executor of William T. Radford, deceased, just prior to the bidding at the sheriff's sale, that the property levied upon was not the property of the defendant in the execution but was owned by the estate of the latter's deceased father. Notwithstanding this notice Dennis became the purchaser at the sale.

After he had secured a complete title to whatever interest the defendant in the execution had in the real estate, Dennis began proceedings under the Act of April 20, 1905, P. L. 239, to secure possession of the premises, but following a rule obtained by the said Thomson, executor as aforesaid, under the Act of April 16, 1903, P. L. 212, he brought an action of ejectment for the said premises in the court of common pleas of Philadelphia County, against said Thomson, as executor and trustee under the will of William T.

Radford, deceased, which was so proceeded with that a verdict and judgment were entered in favor of the defendant and against Dennis, the plaintiff therein.

Thereupon, on June 15, 1931, over two years and nine months after his sheriff's deed had been recorded, he filed a petition in the municipal court praying that court to order the return to him of the $500 purchase money paid by him as aforesaid, on the ground that the defendant in the execution was not the owner of the real estate sold; it being also alleged that because of some notice filed with the sheriff over a month after the delivery of the deed, the sheriff had not paid out the net proceeds of sale to the execution creditor, although no legal excuse for such action was averred.

After rule issued and answers filed the court stated that it would consider the rule as an application to set aside the sheriff's sale and for a return of the undistributed balance now in the hands of the sheriff, and made it absolute as to $368.30, which it ordered the sheriff to pay to Dennis, the petitioner. The plaintiffs in the original judgment appealed.

The order must be reversed. A purchaser of land at sheriff's sale buys at his own risk and acquires only the interest which the defendant in the execution had, and no more: Weidler v. Farmers Bank of Lancaster, 11 S. & R. 134. The purchaser cannot refuse to pay the purchase money because the defendant in the execution had no title to the real estate levied upon: Friedly v. Scheetz, 9 S. & R. 156; Smith v. Painter, 5 S. & R. 223; Dickson v. McCartney, 226 Pa. 552.

If the purchaser at a sheriff's sale is entitled for any cause to be relieved of the effect of his bid he should apply to the court and have the sale set aside: Dickson v. McCartney, supra; Cooper v. Borrall, 10 Pa. 491; Hartman v. Pemberton, 24 Pa. Superior Ct. 222. But application to set aside the sale must be made,—since the Act of April 22, 1905, P. L. 265—

before the delivery of the sheriff's deed for the purpose of recording: Warren Pearl Works v. Rappaport, 303 Pa. 235; Fenton v. Joki, 294 Pa. 309. After the deed has been delivered for the purpose of recording, the title, whatever it is, has vested in the purchaser and the sale may not thereafter be set aside on rule: Media Title & Trust Co. v. Kelly, 185 Pa. 131. When the sale has thus been fixed and established the defendant in the execution is entitled to credit on the judgment against him for the net proceeds of the sale: Wells v. Van Dyke, 106 Pa. 111; Freeman v. Caldwell, 10 Watts 9; and this is so, irrespective of whether the property levied upon and sold as his, was his or not.

No fraud whatever was alleged or proved in this case.

The appellee, with notice that the defendant's title to the real estate was disputed, bid at the sale, became the purchaser, paid the purchase money and received and recorded his deed from the sheriff. For over two years he affirmed the validity of this deed as conveying title to the premises, and after his speculation proved valueless seeks to recover back the purchase money paid by him. He has no standing either in law or good morals to ask for its return.

The order is reversed at the costs of the appellee, Nicholas Dennis, and the sheriff is directed to pay the net balance of the proceeds of the sheriff's sale in his hands to the appellants, the plaintiffs in the execution.