(No. 52644.—

MILLEDGE S. DIXON *et al.*, Appellants, v. CITY NATIONAL BANK OF METROPOLIS, Appellee.

*Opinion filed September 15, 1980.*

E. Charles Geittmann, of Geittmann & Jackson, of Metropolis, for appellants.

Joseph J. Neely, of Neely & Neely, of Metropolis, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The purchasers of real property at an execution sale, later held void, brought this action to recover the amount of the purchase price from the judgment creditor. The circuit court of Massac County dismissed the complaint for failure to state a cause of action. The appellate court affirmed (76 Ill. App. 3d 822), and we granted plaintiffs leave to appeal.

The defendant bank obtained a judgment against Roy Moller, who was indebted to defendant. Defendant had the sheriff levy on the judgment debtor's undivided one-half interest in certain real property. Plaintiffs, Milledge and Irene Dixon, purchased the debtor's interest in the

property for $4,201 at an execution sale. The proceeds were delivered to defendant in partial satisfaction of its judgment. Upon expiration of the period of redemption, a sheriff's deed was issued to plaintiffs. In a partition suit thereafter filed by plaintiffs, the judgment debtor intervened seeking to set aside the sheriff's sale. The execution sale was held void in *Dixon v. Moller* (1976), 42 Ill. App. 3d 688, for the sheriff's failure to set off the judgment debtor's $5,000 homestead exemption. (See Ill. Rev. Stat. 1967, ch. 52, par. 1.) While the partition suit was pending, plaintiffs filed a third-party complaint (the instant action) against defendant for repayment of the purchase price plus interest. Both the circuit court's dismissal and the appellate court's affirmance were based upon the doctrine of *caveat emptor.*

In this State, it has long been established that, at an execution sale, the doctrine of *caveat emptor* applies; where title fails, the purchaser is not entitled to a return from the judgment creditor of the amount paid. In *England v. Clark* (1843), 5 Ill. 486, a leading case which has frequently been cited, a purchaser at an execution sale purchased property which did not belong to the judgment debtor, and the title owner recovered the property from the purchaser. The court held that, under the doctrine of *caveat emptor,* the purchaser could not recover the amount paid from the judgment creditor, absent fraud or some other act. (5 Ill. 486, 493.) A concurring opinion stated that to allow the purchaser to recover from the judgment creditor would make the latter answerable for the acts of the sheriff or other officer who conducted the execution and sale. This separate opinion continued:

> "Litigation should have an end as soon as the object of its institution is accomplished; but if years after a [judgment creditor] has received his debt, through the agency of the law, he can be made to refund, because of some neglect or

mistake on the part of its officers, he can never know when he is safe, or at the end of the law." (5 Ill. 486, 494 (Wilson, C.J., concurring).)

The doctrine was reiterated in *Conwell v. Watkins* (1874), 71 Ill. 488, 492, *Tilley v. Bridges* (1883), 105 Ill. 336, 339, *Joliet Stove Works v. Kiep* (1907), 230 Ill. 550, 557, and *Hutson v. Wood* (1914), 263 Ill. 376, 387-88.

We are aware of only two jurisdictions in which, under the common law and in situations similar to that here, it has been held that the purchaser may recover the amount paid from the judgment creditor. (*Martel v. Bearce* (Me. 1973), 311 A.2d 540, 546-47; *Dresser v. Kronberg* (1911), 108 Me. 423, 81 A. 487; *Danner v. Murnan* (1920), 43 S.D. 289, 292-93, 178 N.W. 987, 988-89.) The prevailing view is that, where title fails, the purchaser should not be allowed to recover from the judgment creditor. See *Barth v. A. & B. Schuster Co.* (1923), 25 Ariz. 546, 550, 220 P. 391, 392-93; *Copper Belle Mining Co. v. Gleeson* (1913), 14 Ariz. 548, 552-55, 134 P. 285, 287-88; *Kreps v. Webster* (1929), 85 Colo. 572, 277 P. 471; *Milam v. Adams* (1960), 216 Ga. 440, 117 S.E.2d 343; *Lewark v. Carter* (1889), 117 Ind. 206, 20 N.E. 119; *Tonge v. Radford* (1931), 103 Pa. Super. 131, 156 A. 814.

We note that our appellate court has held, in like circumstances, that if the purchaser has not yet paid his bid at the time the sale is declared void, he is not bound to do so. (*Wilson v. Hilligoss* (1935), 278 Ill. App. 564, 574; *Thrift v. Frittz* (1880), 7 Ill. App. 55, 58.) Irrespective of our view of the soundness of these decisions, they are not controlling in a situation in which, as here, the purchase money has been paid and applied by the judgment creditor to the judgment.

Conflicting policy considerations are involved in this dispute. On the one hand it may be said that to allow the purchaser to recover from the judgment creditor would prevent the creditor, who has had the debt owed to him

satisfied to the extent of the amount realized at the execution sale, from benefiting at the expense of the purchaser, who gets nothing for the money he has paid. If the judgment creditor must return the money to the purchaser, the judgment creditor has lost nothing to which he is entitled. He may still seek recovery from the judgment debtor or his property. All parties, in effect, would be returned to their respective positions prior to the sale. On the other hand, to allow the purchaser to recover from the judgment creditor would render the latter answerable for the acts of the sheriff who conducts the levy and execution sale. It would perpetually subject the judgment creditor to the threat of having to refund money received and used to satisfy the debt of the judgment debtor. In *Checkley & Co. v. Citizens National Bank* (1969), 43 Ill. 2d 347, 350, this court reiterated the policy in favor of giving permanency and stability to judicial sales. The court also reaffirmed the long-standing general rule in this State and the majority of jurisdictions elsewhere that, absent fraud, misrepresentation or mistake of fact, none of which apply here, the doctrine of *caveat emptor* prevents the purchaser from recovering his purchase money from the judgment creditor. 43 Ill. 2d 347, 349.

Defendant asserts that, should we decide in its favor, plaintiffs will not be left without a remedy for the reason that they may seek recovery of the amount paid from the judgment debtor by way of subrogation to the rights of defendant. Plaintiffs respond to this assertion by merely stating that the doctrine of subrogation is not involved in this case. While not directly in issue here, we note that, according to the great weight of authority (30 Am Jur. 2d *Executions* sec. 472 (1967); 83 C.J.S. *Subrogation* sec. 35, at 643 (1953)), subrogation could have been available to plaintiffs herein, although its availability is not entirely clear under existing Illinois law. Compare *Bruschke v. Wright* (1897), 166 Ill. 183, 194-97, *McHany*

*v. Schenk* (1878), 88 Ill. 357, 361, *Kinney v. Knoebel* (1868), 51 Ill. 112, 126, and *Warner v. Helm* (1844), 6 Ill. 220, 234, with *Leininger v. Reichle* (1925), 317 Ill. 625, 635-36, and cases cited therein.

In sum, plaintiffs have not presented any persuasive reasons for us to depart from the law which has stood for so long in this State. Other than tax sales, which are covered by statute (Ill. Rev. Stat. 1979, ch. 120, par. 741), *caveat emptor* applies at judicial sales, and, in this case, it precludes plaintiffs' recovery from defendant. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*