182 N.J. Super. 476 (1982)
442 A.2d 647
JAMES H. PERSONS, PLAINTIFF-RESPONDENT,
v.
GERD BERGMANN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1981.
Decided January 28, 1982.
*477 Before Judges BOTTER, ANTELL and FURMAN.
Karen A. Kubulak argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; John M. Iatesta, of counsel and on the brief).
Kathleen R. Wall argued the cause for respondent (Sugarman & Wall, attorneys).
The opinion of the court was delivered by FURMAN, J.A.D.
*478 Plaintiff, successful bidder at an execution sale of real property, was awarded summary judgment in the amount of his bid and court costs, $4,848, against defendant, judgment creditor of his former wife, Victoria Bergmann. At the time of the execution sale Charming and Eileen Eng, concededly bona fide purchasers for value, were in possession of the property.
Defendant appeals, urging that his lien as judgment creditor was paramount to that of the Engs even though they were bona fide purchasers for value because his former wife Victoria conveyed the property in fraud of his claim against her, contrary to the Fraudulent Conveyance Laws. N.J.S.A. 25:2-1 et seq. Defendant also seeks a reversal of the order denying his motion for leave to file a third-party complaint against Victoria, Alexander Eller, Soya Michalewsky and the Engs.
Victoria held title to this property in Howell Township, Monmouth County, in the name of Victoria Eller, widow, as tenant in common with Soya Michalewsky. On November 8, 1977 Victoria and Michalewsky conveyed the property to Alexander Eller, then 24, her son by a prior marriage, for a stated consideration of one dollar. On November 21, 1977 an order was entered in an action in the Chancery Division, subsequent to a final divorce judgment between defendant and Victoria, providing that defendant was entitled to a judgment in the amount of $4,270 against Victoria. An abstract of judgment in favor of defendant against Victoria Bergmann was filed on August 3, 1978. A writ of execution was issued to the Sheriff of Monmouth County on September 8, 1978. Subsequently, in December 1978, defendant submitted an affidavit to the Sheriff of Monmouth County identifying the Howell Township property as having been fraudulently conveyed by defendant and as her only property, real or personal, on which execution could be levied in this State. The execution sale was held on April 6, 1979. The proceeds of the sale were paid by the sheriff to defendant in satisfaction of his judgment against Victoria, except for a $258.62 deficiency.
*479 Meanwhile, Alexander Eller had conveyed the property back to Soya Michalewsky by quitclaim deed for a nominal consideration on September 26, 1978, and Michalewsky had conveyed the property to the Engs for $25,000 on January 23, 1979.
Plaintiff brought this action in the Chancery Division in two counts: the first count to quiet title against the Engs and the second count, in the alternative, to recover the amount of his bid from defendant on the ground that the sheriff's deed to him was a nullity. The Chancery Division judge granted a dismissal on motion by the Engs "without prejudice" and transferred the second count to the Law Division.
No appeal is brought from the dismissal in favor of the Engs. At oral argument we were informed that the Chancery Division judge granted this dismissal because plaintiff was not in peaceable possession of the property, a jurisdictional prerequisite to an action to quiet title. N.J.S.A. 2A:62-1 et seq.; Braue v. Fleck, 23 N.J. 1, 14 (1956); Penrose v. Absecon Land Co., 94 N.J. Eq. 436 (E. & A. 1922).
The status of the Engs as bona fide purchasers for value without notice of any judgment lien against the property is conceded by defendant. Nevertheless, he urges on appeal that the conveyance by Victoria to her son for inadequate consideration, two weeks prior to the order for judgment in favor of defendant against her, was "utterly void and of no effect" in the language of N.J.S.A. 25:2-3, and that the Engs, after mesne conveyances, acquired no better title than Alexander Eller's and were subordinate to his judgment lien.
We reject this argument. The Uniform Fraudulent Conveyance Law, N.J.S.A. 25:2-7 to 19, controls whenever in conflict with the earlier enactment, N.J.S.A. 25:2-1 to 6. Conway v. Raphel, 101 N.J. Eq. 495 (Ch. 1927), aff'd 102 N.J. Eq. 531 (E. & *480 A. 1928); see, also, Smith v. Whitman, 75 N.J. Super. 228 (App. Div. 1962), mod. on other grounds 39 N.J. 397 (1963). Under N.J.S.A. 25:2-15 a creditor, when his claim has matured, may disregard a fraudulent conveyance by his debtor and levy execution on the property conveyed against any person "except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase."
N.J.S.A. 25:2-5 of the earlier enactment also specifically safeguards the rights of bona fide purchasers for value, as follows:
Nothing contained in this article shall be construed to impeach, defeat or make void any conveyance, assignment, grant or sale of any real estate, or goods or chattels, made for a good consideration and bona fide, to any person not having, at the time of such conveyance, assurance or sale, any notice or knowledge of the covin, fraud or collusion as aforesaid; and no mortgage, made bona fide and without fraud or covin, and upon good consideration, shall be impeached or impaired by this article, but every such mortgage shall have like force and effect as if this article had never been in effect.
Furthermore, both under prior case law in this State and on general authorities construing fraudulent conveyance statutes, the title acquired by a bona fide purchaser for value directly or by mesne conveyances from a fraudulent grantee has been recognized as paramount to the right of a defrauded creditor. American Surety v. Conway, 88 N.J. Eq. 370 (E. & A. 1917); DeWitt v. Van Sickle, 29 N.J. Eq. 209 (Ch. 1898); Danbury v. Robinson, 14 N.J. Eq. 213 (Ch. 1862); United States v. West, 299 F. Supp. 661 (D.Del. 1969); Glenn, Fraudulent Conveyances (rev. ed. 1940), § 236 at 407; 37 C.J.S., Fraudulent Conveyances, § 302 at 1134.
On defendant's motion for leave to file a third-party complaint, he contended that the Engs derived title through a fraudulent conveyance and that, therefore, plaintiff took a superior title as purchaser at the execution sale. Denial of the motion to file a third-party complaint against the Engs, Victoria Eller, Alexander Eller and Soya Michalewsky was proper and should be sustained as a matter of law, in view of defendant's *481 concession that the Engs were purchasers for adequate consideration without actual or constructive notice of any fraudulent conveyance in the chain of title. That denial does not preclude defendant under R. 4:8-1 from raising other issues in subsequent litigation against his former wife Victoria or any other party.
The remaining issue is whether the money judgment in favor of plaintiff against defendant in the amount of his bid and court costs should be affirmed.
The doctrine of caveat emptor has applied generally to sheriff's sales; the successful bidder takes title subject to all liens and encumbrances of record. Brady v. Carteret Realty Co., 67 N.J. Eq. 641 (E. & A. 1904); 30 Am.Jur.2d, Executions, § 428 at 691-692. However, out-of-state authorities have recognized that, when the sheriff's deed is a nullity because the judgment debtor held no title or interest whatsoever, the successful bidder has a right to restitution or reimbursement. 30 Am.Jur.2d, Executions, §§ 484-487 at 726-727.
The out-of-state authorities have split as to whether the successful bidder's right of restitution or reimbursement is against the judgment creditor or against the judgment debtor. In the recent Illinois Supreme Court decision, Dixon v. City Nat'l Bank of Metropolis, 81 Ill.2d 429, 43 Ill.Dec. 710, 410 N.E.2d 843 (1980), what is referred to as the prevailing view was reaffirmed: that, upon a complete failure of title, the purchaser has no right of recovery against the judgment creditor, under the doctrine of caveat emptor and because of the policy consideration in favor of the permanency and stability of judicial sales. The court alluded in dictum to a possible remedy by way of subrogation against the judgment debtor.
In a well reasoned decision, Martel v. Bearce, 311 A.2d 540 (1973), the Maine Supreme Judicial Court reached the opposite *482 result, holding that the remedy of the purchaser at a sheriff's sale upon a complete failure of title, is against the judgment creditor, who otherwise would profit by a windfall. The court stated:
If  because he has attached and levied upon and sold property of someone other than the debtor  the creditor is required to return the payment to the purchaser, the creditor has lost nothing to which he was ever entitled. His execution remains unsatisfied and the property of the debtor is still subject to his attachment. All three parties  purchaser, creditor and debtor  are returned substantially to the positions they occupied before the invalid sale.
In this State, a sheriff's sale of real property was held void without a prior, good faith attempt to locate and levy on personalty of the judgment debtor. The court ordered reimbursement by the judgment creditor to the assignee of the successful bidder in the amount of "all sums advanced to the sheriff." Raniere v. I & M Investments Inc., 159 N.J. Super. 329 (Ch.Div. 1978), aff'd 172 N.J. Super. 206 (App.Div. 1980).
On the appeal before us there is no claim that defendant fraudulently, or otherwise wrongfully, misinformed the sheriff that his former wife held title to the Howell Township property. At the time of his affidavit to the sheriff, Alexander Eller, the fraudulent grantee of the judgment debtor, had conveyed the property for a nominal consideration back to Soya Michalewsky, who had been cotenant of the judgment debtor.
Nevertheless, the effect of the payment of the proceeds of the execution sale over to defendant is to unjustly enrich him by satisfying his judgment credit against his former wife Victoria from moneys advanced to purchase property which was not owned by Victoria. The sheriff's deed to plaintiff was a nullity. In accordance with equitable principles, plaintiff should have restitution of the purchase moneys from defendant, the judgment creditor who induced the void sheriff's sale. See Jersey City v. Hague, 18 N.J. 584, 595 (1955).
We affirm on all issues.