In re Woodrow L. WILSON, Patricia A. Wilson, Debtors.

Ross M. CAMP, Plaintiff,

v.

Woodrow L. WILSON and Patricia A. Wilson, Defendants.

No. 86–3241.

United States District Court, C.D. Illinois, Springfield Division.

April 1, 1987.

Woodrow L. Wilson, Patricia A. Wilson, pro se.

William Hatch, Champaign, Ill., for plaintiff.

Ronald J. Dusenbury, Kankakee, Ill., trustee.

## OPINION AND ORDER

RICHARD MILLS, District Judge:

We deal here with a judicial sale.

When a public sale occurs, what is hammered down on the block must carry with it a certain degree of finality.

Woodrow L. and Patricia A. Wilson appeal the May 27, 1986, decision of the bankruptcy court (supplemented on June 23, 1986) ordering that real estate owned by them be conveyed to the Plaintiff.

For the following reasons, we affirm the bankruptcy court's "turnover" order.

The facts are essentially undisputed and can be summarized as follows: Pursuant to a foreclosure sale held on September 26, 1985, the Citizens State Bank of Milford purchased the real estate that is the subject of this appeal. The sale was held in accordance with an order of the Iroquois County Circuit Court directing the sale. The bank, as high bidder, paid $33,276.35 for the property. It then transferred title to Ross M. Camp, who later filed an adversary proceeding in bankruptcy against the Wilsons to gain possession of the property. Upon its sale, state law gave the Wilsons six months within which to redeem the property. Ill.Rev.Stat., ch. 110, § 12–122. Two days prior to the expiration of this period, they filed a Chapter 7 petition under Title 11 of the Bankruptcy Code, which extended their right to redeem for sixty days. 11 U.S.C. § 108(b). After expiration of the sixty-day extension, Camp petitioned the bankruptcy court for a "turnover" order: an order directing the Plaintiff to turn the property over to the Defendant upon receipt of the amount needed to redeem; or, upon Defendant's failure to pay, an order lifting the automatic stay with respect to any action the Plaintiff may take to recover possession of the premises. On May 27, 1986, the bankruptcy court entered the turnover order.

In a supplemental order dated June 23, 1986, the court ordered that the Wilsons deliver immediate peaceable possession of the premises, and upon their failure to do so, authorized the United States Marshal and the Iroquois County Sheriff to remove them from the premises. After the Wilsons failed to deliver possession to the Plaintiff, a writ of execution issued. On March 17, 1987, the Wilsons' motion to stay execution of the writ was denied by the bankruptcy court. The motion has been renewed here, *see* Bankruptcy Rule 8005, and is denied given our disposition of this appeal.

In this appeal, the Wilsons essentially argue that their property was sold for an inadequate price at the foreclosure sale. To support this contention, they attach a letter to them from Camp's attorney. This letter states that another party offered Camp over $60,000 for the property but that he would be willing to sell it to the Wilsons for $60,000. The Wilsons maintain that this offer, when compared to the actual sale price of just over $33,000, demonstrates that the foreclosure sale did not yield a fair price.

The Court does not agree that this later offer justifies overturning the bankruptcy court's enforcement of the foreclosure sale. Under a firmly established principle of Illinois law, a mere inadequacy of price is not a sufficient cause of reversal unless there is some evidence that appropriate procedures in the conduct of the sale were not followed. *Bankers Trust Co. v. Chicago Title & Trust*, 89 Ill.App.3d 1014, 45 Ill. Dec. 309, 315, 412 N.E.2d 660, 666 (1st Dist.1980); *Uptown Federal Savings & Loan Association of Chicago v. Walsh*, 15 Ill.App.3d 626, 632, 305 N.E.2d 74 (1st Dist.

**730**

1973). In the present case, the Wilsons do not point to any defect in the conduct of the foreclosure sale itself, such as inadequate notice, fraud, or violation of duty by the officer conducting the sale. Absent such evidence, the price for which the property was sold at the sale is presumed to be the fair cash value of the property. *Cf. Mutual Life Insurance Co. of New York v. Chambers*, 88 Ill.App.3d 952, 43 Ill.Dec. 829, 835, 410 N.E.2d 962, 968 (1st Dist. 1980) (evidence of an inadequate price *combined with* lack of notice to counsel that a default judgment had been entered warrants an equitable extension of the redemption period).

In *Dixon v. City National Bank*, 81 Ill.2d 429, 433, 43 Ill.Dec. 710, 410 N.E.2d 843 (1980), the Illinois Supreme Court reiterated that Illinois public policy favors giving permanency and stability to judicial sales. Should every foreclosure sale be subject to attack on the ground that a later purchaser offered a higher price for the property, the finality of those sales would be subject to constant second-guessing, and Illinois' policy of insuring the stability of judicial sales frustrated. *See also, Checkley & Co., Inc. v. Citizens National Bank of Decatur*, 43 Ill.2d 347, 350, 253 N.E.2d 441 (1969).

Upon careful review of the entire record, it is clear that appellants were given every opportunity to redeem the property in question, and that they were afforded all the procedural protection of both Illinois law and the federal Bankruptcy Code. The bankruptcy court's order directing debtors to deliver possession of the property to the Plaintiff is, therefore, AFFIRMED.

Case CLOSED.