# Isaac McManus

*v.*

# Robert Keith *et al.*

1. Sales—*in judicial—rule of caveat emptor applies.* M filed a bill in chancery against the heirs of K, to enjoin the collection of certain notes which he had given upon the purchase of real estate, sold by a commissioner under a proceeding in partition, until the determination in his favor of an action of ejectment for the premises, which he had brought against A, the bill alleging that K, in his

life-time, fraudulently obtained the property from A, who was then, and at the time of the sale, in the possession of the same, claiming it as his own, but contained no allegation charging upon the defendants any knowledge of the alleged fraud, or improper conduct. *Held*, that the action of the circuit court, in dismissing the bill was proper, there having been neither fraud nor warranty in the sale.

2. In such cases, the rule of *caveat emptor* applies, and the purchaser acts at his peril. *Owings* v. *Thompson*, 3 Scam. 502.

3. The possession of the premises by A, at the time of the sale, operated as notice of whatever equities he had, as well to M as to the heirs of K, and the latter having had no actual notice of an outstanding equity in A, they\ and M stand upon common ground.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The facts are fully stated in the opinion of the court.

Mr. B. C. TALIAFERRO, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by McManus against Keith and others, to enjoin the collection of certain promissory notes given by McManus, upon the purchase of real estate sold by a commissioner under a proceeding in partition. After answers filed, a motion to dissolve the injunction was sustained, and the bill dismissed.

It appears upon the face of the bill, that Robert Keith, one of the defendants, as heir of Robert Keith, deceased, filed a bill for partition of the real estate, making his co-heirs defendants, and the property not being susceptible of partition, a decree of sale was made and executed. The bill alleges that the petition for partition represented said Robert Keith,

deceased, as having had a title in fee simple to the premises of which partition was sought, and avers that the court so found, but that in fact said Robert Keith, although he had an apparent title, had obtained it fraudulently from one Daniel Keith, and that said Daniel Keith was in possession, claiming the property as his own. The bill further alleges that the complainant, as purchaser at the commissioner's sale, had commenced an action of ejectment against said Daniel, which was still pending, and claims that it would be inequitable to permit the notes given by him to the commissioner to be collected or negotiated until the determination of this suit in complainant's favor.

It is apparent, that the case made by this bill does not demand the interference of this court. The maxim, *caveat emptor*, is one of almost universal application to judicial sales, and there is nothing in this case to make it an exception to the rule. It is urged by counsel that the representations contained in the bill for partition, to the effect that the complainant and his co-heirs were the owners of the property, were fraudulent. But this view is erroneous. Fraud consists in the willful allegation of a falsehood, for the purpose of deception, but the appellant does not claim in his bill, or in his argument, that the Robert Keith who filed the bill for partition, or his co-heirs, had any knowledge of the fraud alleged to have been practiced by their ancestor upon Daniel Keith. The defendants in that proceeding could, in no event, be held responsible for the allegations contained in the complainant's bill, but there is nothing disclosed in this record to subject even him to the charge of fraud. He found himself and his co-heirs, by the death of his father, clothed with the legal title to the premises, and he had a right to come into court and ask that they be partitioned among the several heirs, or be sold, if incapable of partition. There was no fraud in this. The possession of Daniel Keith, it is true, was notice of whatever equities he had, but it was precisely the same notice to the purchaser at the commissioner's sale, as to the heirs. As we have already

remarked, there is no pretense that they had actual notice of an outstanding equity, and it follows that they and the purchaser stood upon common ground. If their apparent legal title was really defective, they had no more knowledge of that fact than himself. In the sale of these premises there has been neither fraud nor warranty, and the bill was properly dismissed. *Owings* v. *Thompson*, 3 Scam. 502.

*Decree affirmed.*