ELIZABETH A. HICKS *et al.*

*v.*

SAMUEL J. CHAPIN *et al.*

FORMER ADJUDICATION. On bill to remove what was termed a cloud upon complainant's title, and to enjoin the execution of a decree in partition, it appeared that the defendant, against whom the relief was sought, had obtained a decree for partition in a suit in which the complainant was made a party, and in which the same questions respecting title were raised, and adjudicated against the complainant in the latter suit: *Held*, that the decree in the partition suit was a bar to the relief sought.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a bill in chancery, by Elizabeth Hicks and Moses Hicks, her husband, against Samuel J. Chapin, Robert A. Leeper, William S. Leonard, George Linbarger, Bentley Buxton and William G. Stone, to remove an alleged cloud upon the title to certain land, the legal title to which was claimed by Elizabeth Hicks, she being in the possession thereof. The adverse title sought to be removed as a cloud was held by Samuel J. Chapin. It appeared that, prior to the filing of this bill, said Chapin commenced proceedings for the partition of the premises, in which Hicks and wife were made defendants, and in which the same questions respecting the title were presented, and adjudicated against the plaintiff in error in this case.

Messrs. LACEY & WALLACE, for the plaintiffs in error.

Mr. H. FULLERTON, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is alleged that Elizabeth A. Hicks is the owner of a certain tract of land, and this bill was filed by plaintiffs in error

to remove what they say is a cloud upon the title. It is also alleged that Samuel J. Chapin claims to be the owner of a part of the same tract, and he had previously filed a petition for partition of the land, making plaintiffs in error defendants to that proceeding. The specific prayer of the bill is, that the commissioners appointed by the court to make partition be enjoined until the final hearing of this cause. The court dissolved the injunction and dismissed the bill.

We are at a loss to understand the object of this proceeding. The subject matter of this bill was litigated in the partition suit. The exact questions were raised and adjudicated in that case as are here presented, and no reason is perceived why the decree in the former suit is not a bar to the relief sought by this bill. The court first obtained jurisdiction in the partition suit, and it will not assume jurisdiction a second time to try the same questions. The rights of the parties could have all been adjusted in the former proceeding, and if plaintiffs in error were dissatisfied with the decree rendered, the remedy was by appeal or writ or error, and not by original bill.

The bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*