JOHN W. TILLEY

*v.*

JAMES K. P. BRIDGES.

*Filed at Mt. Vernon January 31, 1883.*

1. JUDICIAL SALE—*rule of caveat emptor applies.* It is a general and well settled rule that the doctrine of *caveat emptor* applies to all judicial sales, under which falls an administrator's sale of lands of his intestate to pay debts of the estate.

2. An administrator or executor selling lands under a decree of court has no authority to warrant the title of the land he sells, and the purchaser at such sale is bound to examine the title, or purchase at his peril. If he buys without an examination, and obtains no title, he must, as a general rule, suffer the loss arising from his neglect, unless fraud or mistake has entered into the transaction.

3. FORMER ADJUDICATION—*as a bar to second suit.* Where a bill filed by a purchaser of land at an administrator's sale, to have the title to land purchased by him confirmed by decree, on the ground of a mistake in omitting the description of the land in the petition of the administrator and the decree of sale, and to correct the mistake, is dismissed for want of equity, the decree of dismissal will be a bar to a second bill in chancery by such purchaser seeking to recover of the estate the money paid for the land, and for taxes paid and improvements made by him upon the land before discovery of the mistake, and this though in the former bill another person, who had no interest in the subject matter involved, was joined as a co-complainant.

4. Where the question of a mistake is involved in a bill in equity, and the question of mistake is decided against the complainant, the decree will be held binding and conclusive upon him in any subsequent suit seeking other relief on the same ground.

5. Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. Such estoppel to relitigate the same question is equally available to the plaintiff as to the defendant.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Washington county.

Mr. JAMES A. WATTS, for the appellant:

The subject matter of the two suits is not identical. The former bill was by appellant and Mark Durant, who separately purchased land, part being other land not now in controversy. That suit was to perfect the title to the land described in the bill, while this is to obtain compensation for taxes paid, improvements made, and for subrogation. In the former suit the parties misconceived the form of action. In this case appellant is not trying to obtain the same result sought by the former suit, but seeks other and different relief, concerning a different subject matter, and by other parties. *Dugger* v. *Oglesby*, 3 Bradw. 94.

The decree of the circuit court, compensating for repairs made and taxes paid, was proper. *Right* v. *Boyd*, 1 Story, 478; 2 id. 607; *Bishop* v. *O'Conner*, 69 Ill. 438.


Mr. DANIEL HAY, for the appellee:

Appellant can not evade the bar of the former adjudication by claiming he was joined with another party. If wrongfully joined it was his own fault, and he must abide the result of his own action. If not, he profits by his wrongful act.

An estoppel by verdict may exist without regard to whether the cause of action is the same in both suits or not, or between the same parties. *Hanna et al.* v. *Read et al.* 102 Ill. 596.

A party can not litigate a cause by parts, in different proceedings. *Hamilton* v. *Quimby*, 46 Ill. 94.

The principle of *res judicata* embraces not only what was actually decided in the former case, but also extends to any other matter properly involved, and which might have been raised and determined in it. *Rogers* v. *Higgins*, 67 Ill. 244; *Kelly* v. *Donlin*, 70 id. 378; *Ruegger* v. *Indianapolis and St. Louis R. R. Co.* 103 id. 449.

The doctrine of *caveat emptor* applies in cases of this kind.

22—105 ILL.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The executors of the estate of L. J. Bridges, deceased, obtained a decree, at the October term, 1874, of the Washington circuit court, to sell certain lands belonging to Bridges at the time of his death, to pay debts. The lands named in the decree were advertised and sold. The south-west quarter of the north-west quarter of section 31, town 3 south, range 1 west, was also advertised and sold by the executors, and bid off by appellant for $614, but this tract, although owned by the deceased at the time of his death, was not embraced in the bill or decree of sale. Appellant went into the possession of the land under his purchase, and made improvements thereon amounting to the sum of $453.53, and paid taxes amounting to the sum of $35.81.

It is alleged in the bill brought by appellant, that the executors intended to include all the land of the deceased in the bill, but, by mistake, the forty-acre tract was omitted from the bill and decree, which was not discovered until long after the sale and the making of the improvements. It is also alleged in the bill, that at the July term, 1872, of the probate court of Washington county, the executors obtained an order to borrow money, and mortgage certain lands; that the heirs of the deceased were parties defendant to the proceeding; that under the decree the executors borrowed $1500 of one Spencer, and gave him a mortgage; that appellant, when he purchased the forty acres, paid ten per cent of the purchase in cash, and executed two notes for the balance, due in one and two years, for $277 each; that the note first due was assigned by the executors to Spencer, in payment of his mortgage; that in January, 1877, appellant paid Spencer the note which had been transferred to him, and paid the other note to the executors, and he seeks by his bill to obtain compensation for taxes paid, improvements made, and to be subrogated to the rights of Spencer under the mortgage, which he paid

off.   To the bill appellees interposed a plea of former adju-
dication, in which they set up that appellant and one Mark
Durant heretofore impleaded defendants in the circuit court
of said county to the October term, 1879, in a certain bill in
chancery for relief, which is set out *in hæc verba* in the plea.
It is then alleged that the bill substantially sets up the same
matters for grounds of relief that are set up in the bill in
chancery in this cause, is between the same parties, and
concerning the same subject matter; that such proceedings
were had in that cause, that afterwards, to-wit, at the October
term, 1880, by the consideration and judgment of the court,
the defendants recovered judgment against plaintiff herein,
and said Mark Durant, of dismissal of the bill and judgment
for costs, which judgment still remains in full force.

The question presented by the plea is, whether the former
suit in equity is a bar to the relief claimed in this bill.   It
may be regarded as a general and well settled rule that the
doctrine of *caveat emptor* applies to all judicial sales.   An
administrator or executor selling lands under a decree of
court has no authority to warrant the title he sells, and the
person who may buy at such sale is bound to examine the
title, or purchase at his peril.   If he deems it proper to pur-
chase without an examination of the title to be sold, and
through his negligence obtains no title, he must, as a general
rule, suffer the loss arising from his neglect, unless fraud or
mistake entered into the transaction.   Appellant, realizing
that a bill for relief, of any character, as against an admin-
istrator's sale of real estate, where the purchaser had failed
to obtain title at such sale, unless the facts relied upon would
take the case out of the operation of the general rule, in his
bill alleged, "that by virtue of the decree the executors adver-
tised all the lands of said deceased for sale, on terms named
in the decree, and on December 26, 1874, sold all the lands
of said deceased, among which was the south-west quarter of
section 31, township 3 south, range 1 west, in said county,

which said tract was sold to your orator for the sum of $614, and he paid for the same, received a deed therefor, and entered into possession, and has so continued in possession; that it was the intention of said executors to obtain an order to sell all the estate of said deceased; that the above land was, by mistake, omitted in both the said bill and decree; that the fact of said error and omission was not ascertained by any one until long after the sale of said land." Every other allegation of the bill rested upon this one, and unless it can be sustained all relief must be denied, as it is plain, as heretofore stated, if appellant attended the sale, and became a purchaser, no fraud or mistake intervening, and obtained no title, he must suffer the loss. This allegation then being the *gist* of the bill, the inquiry is, whether it was involved and settled in the former bill set up in the plea. Upon an examination of the former bill it will be found that it was averred that the executors, at a certain term of court, filed their bill for the sale of over two hundred and forty acres of land belonging to the estate, and obtained a decree of sale, "in which bill or petition, and decree, a piece of land in another township, not belonging to said estate, was described by mistake, in lieu of the forty-acre tracts hereinafter described," (meaning the forty acres purchased by appellant, and the forty acres purchased by Durant.) It is then averred that the two forty-acre tracts last above described were advertised and sold, one to appellant, and the other to Durant. The bill then contains this allegation: "That it was a mistake of said executors, by their solicitors, in not describing said lands correctly in said bill, * * * and said mistake was not discovered until within a few weeks last past, by them or the other defendants." The bill contains other allegations, but it will not be necessary to refer to them.

From the averments which we have alluded to, it is apparent that the question of mistake was involved in the former bill, and as the question was there involved, the decree of the

court in favor of appellees must be held binding and conclusive. *Hanna* v. *Read*, 102 Ill. 596, is an authority in point on the question. It is there said: "Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue on a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by defendant as matter of defence."

Here, even if appellant was entitled to any relief under the averments of his bill, which we do not decide, unless fraud or mistake was shown he could have no standing in a court of equity. The decree on the bill set up in the plea settled that question against him, and that decree will be held conclusive in any subsequent action involving the same question. It is true, in the former bill appellant sought to correct the mistake, and have the title in and to the land confirmed in him, while in the present bill he seeks compensation for the money paid for the land, for taxes, and for improvements made. But the fact that different relief is claimed under the two bills can make no difference. The allegations in each bill are substantially alike, and all the relief claimed under the present bill could as well have been granted under the former bill.

But it is said Durant was a co-complainant in the former bill, and hence the two cases were not between the same parties. We do not understand that the mere fact that Durant was joined in the former bill will affect the question. The defendants in the two bills were the same, the subject matter of the litigation the same, and it would be establishing a precedent entirely too technical, to hold that for the rea-

son alone that appellant had joined with him in the first bill a complainant who had no interest in the subject matter involved, such fact would deprive the defendants in the action of the right to rely upon a former decree in bar.

We are of opinion that the former decree set up in the plea was a bar to the present action, and the decree of the court below will be affirmed.

*Decree affirmed.*