GABRIEL PEPPER, SURVIVING PARTNER,

v.

CATHERINE PEPPER, ADMINISTRATRIX.

*Administration—Real Estate as Partnership Property—Tenancy in Common—Rents and Profits—Parties—Former Adjudication.*

1. Real estate becomes partnership property, as a general rule, when it has been purchased for partnership purposes, appropriated to such purposes and paid for with partnership funds.

2. The legal title of partnership realty is held by the partners as tenants in common, subject in equity to the partnership debts. When the firm debts are paid all the incidents and qualities of real estate revive. It then descends to the heir, and the rents, issues and profits pass to him and not to the administrator.

3. In the case presented, it is *held:* That the farm in question was owned by the partners as tenants in common; that upon the death of one of them, the other is not liable to the widow, as administratrix, for rents and profits; and that the doctrine of *res adjudicata* applies with respect to former proceedings for assignment of dower and partition, although the widow now sues as administratrix.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for appellant.

Appellee, as a party to the partition suit, is estopped by the decree and findings of the court and her own conduct in said cause from now setting up any claim for rents, or claiming that said land was held otherwise than in common. Bigelow on Estoppel, pages 60, 65, 148, and chapter 19; Wells' Res Adjudicata and Stare Decisis, Secs. 17, 29, 64; Hamilton v. Quimby, 46 Ill. 90, and notes; Wright v. Dunning, 46 Ill. 271, and notes; Hicks v. Chapin, 67 Ill. 375; Hanna v. Read, 102 Ill. 596; Montague v. Selb, 106 Ill. 49.

Even if the land had been owned and cultivated by appellant and his brother as partnership property, unless it, or the

rents and profits arising therefrom, were needed for the purpose of liquidating firm debts and settling the account between the partners, the Probate Court has no jurisdiction in the matter. The survivor's accounting must be with his co-tenants. Strong v. Lord, 107 Ill. 25; Parsons on Partnership, Sec. 373; Hartnett v. Fegan, 3 Mo. App. 1; Lang's Heirs v. Waring, 25 Ala. 625; Shearer, adm'x, v. Shearer, 98 Mass. 107; Scruggs v. Blair, 44 Miss. 406; 2 Lindley on Partnership, page 664, and notes; Baker v. Wheeler, 24 Am. Dec. 66; Wilcox v. Wilcox, 13 Allen, 352.

Messrs. METCALFE & METCALFE, for appellees.

There being nothing in the record to show the question in controversy was adjudicated in the former suit, the judgment constitutes no bar by way of estoppel to this action.

"A judgment is conclusive only upon the matter which was directly in issue upon the former trial." Herman's Law of Estoppel, pages 183 and 184.

In the partition suit claimed as a bar to this suit for rents the appellee was sued as an individual, and in this case she sues as an administratrix.

Judgments, as a general rule, conclude the parties only in the character in which they sue or are sued, and therefore a judgment for or against an administrator, assignee or trustee, as such, does not ordinarily preclude him in an action affecting his own proper person from disputing the matters decided, or *vice versa.* Bigelow on Estoppel, page 65, and note, with authorities.

WILKIN, J.   For some years prior to February 10, 1884, appellant and his brother, appellee's intestate, were in partnership, their principal business being farming. They owned about one hundred acres of farm land which they cultivated; also a considerable amount of other property, notes, accounts, etc. On the death of John C., at the above mentioned date, appellant took possession of the joint effects, filed an inventory, etc., and on the 15th day of February, 1886, in answer to a citation issued at the instance of appellee, filed a report

in the County Court of Madison County of his actings and doings as such surviving partner. This report was excepted to by appellee, because he failed to account for rents and profits of the land above mentioned, and the exception was sustained both in the County Court and on appeal to the Circuit Court. In the latter there was a trial by jury and judgment rendered against appellant for $541.09, from which an appeal was prayed and allowed to this court.

The only question which we need consider is whether or not, under the facts proved, appellant could be called upon in this proceeding to account to the administratrix of his deceased partner for rents received, and the use of the real estate owned by them at the time the partner died.

Primarily this question is to be settled by determining whether or not the real estate was partnership property. Real estate becomes partnership property, as a general rule, when three things concur: First, it must have been purchased for partnership purposes; second, appropriated to such purposes; third, paid for by partnership funds. Parsons on Partnerships, Sec. 2, page 364.

The only evidence found in the entire record as to the ownership of this land is that introduced by appellee from a deposition of appellant, filed in a chancery proceeding for the assignment of dower and partition of premises, to be more fully noticed hereafter.

That evidence is as follows: "John C. Pepper and I owned the said lands in partnership. I own an undivided one-half of them yet, and at the time of his death he was the owner of the other one-half of said lands. He and I have owned and occupied the said lands from 1862 until the time of his death. At the time of John C. Pepper's death, he and I were equal owners of the said lands."

Henry Robinson swears that he sold them (the brothers) the land as administrator, but he does not state in what name it was purchased, how it was paid for or to whom it was conveyed. Appellee, and perhaps other witnesses, state that it was owned in partnership, and so does appellant. These, however, are but statements of conclusions, contradicted by the

facts sworn to by appellant, and in no way disproved.   The evidence of appellant shows that they were tenants in common, each owning an undivided one-half.

It is true that it might have been so held and still be partnership property, but that could only be so when the proof established the three elements above mentioned.   "But although it be held in the joint name of two or more persons, if there be no proof that it was purchased with partnership funds for partnership purposes, it will be considered as held by them as joint tenants or tenants in common."   Parsons on Partnership, Sec. 2, page 365.   Again, it is said whether real property shall become partnership stock or not, is a question of intention.   Hoxie v. Carr, 1st Sumner, 188; Fall River Whaling Co. v. Borden, 10 Cush. 462.

While it appears from the evidence that the brothers used the land for the purpose of carrying on their partnership business of farming, there is no proof whatever of an intention that the land itself should be a part of the partnership stock. It is clear from the proof made by appellee that appellant at no time so considered or treated it.   She introduced in evidence the inventory of partnership assets filed by them at the February term of the County Court of Madison County, 1884, sworn to by him as a true and correct inventory, in which no mention is made of lands.   At the October term of the Circuit Court of said county, 1885, as she shows, he filed his bill to assign her dower and have partition made of these same lands, in which he alleges that they are held by himself, appellee, and others who inherited from the deceased brother, as tenants in common, and, as before stated, while he testified on that hearing as a conclusion, that they were held as partnership property, he clearly shows by the facts that they were not.

We are, however, unable to perceive how, under the rules of law, appellee can escape the binding force of the decree rendered in that proceeding as *res adjudicata* of the present controversy.

That portion of the bill filed in that case introduced in evidence in this by appellee, so far as it sets forth the title,

is as follows: "Your orator further represents that, at the time of the death of said John C. Pepper, he and your orator were the owners in fee simple of the following described real estate: * * * Your orator is the owner of the undivided one-half of said premises in fee simple absolute as purchaser, and also of the one twenty-eighth part thereof subject to the dower right of the said Catherine Pepper, as heir of his said deceased brother; the said Catherine, widow, is the owner in fee of the undivided one-fourth part of said land and is entitled to dower in another undivided one-fourth thereof." After describing the interests of the other parties, from which it appears that they each take as heirs of the said John C., it is averred that the aforesaid is the only real estate owned by the parties in common.

Appellee filed her answer to that bill, admitting the death of John C. leaving her his widow and the heirs as therein stated, and that he was seized in fee of the land mentioned in the bill. A decree followed in which, among other things, the court found that at the time of his death the said John C. was the owner of the undivided one-half as co-tenant with the said Gabriel Pepper of the following described real estate, etc., describing the same lands here in question. The premises being reported not susceptible of division and appellee having filed her consent in writing they were sold free from her dower and the proceeds divided.

Appellee insists that that adjudication is no bar to this, because, as she says, the question of rents was not then adjudicated. The vital question upon which depended her right, as administratrix, to demand the rents, namely, was the land owned by the brothers as tenants in common, or was it partnership stock, was directly in issue and adjudicated, and the decree of the court pronounced upon it.

In other words, if the real estate was owned by appellant and his brother as tenants in common, so that upon his death the one-half descended to his widow and other heirs, thereby making them tenants in common with appellant, it must be conceded that any accounting by appellant for rents and

Pepper v. Pepper.

profits should be as co-tenant and not as surviving partner, and with his co-tenants, the heirs of deceased, and not with his representatives.  The manner in which they were held being decided in the chancery suit can not be re-tried in this. Hanna v. Read, 102 Ill. 596, 602; Tilley v. Bridges, 105 Ill. 336; Hamilton v. Quimby, 46 Ill. 90; Wright v. Dunning, 46 Ill. 271; Hicks v. Chapin, 67 Ill. 375.  It is also insisted that inasmuch as appellee was then sued as the widow and heir of her husband, John C. Pepper, and is now claiming as his administratrix, the doctrine of *res adjudicata* does not apply.

The question then involved being the same as here raised, whether the lands in question should be treated as going to the heirs or representatives of the deceased partner, and, so far as the evidence shows, she, being the real party in interest in both cases, is barred, the real parties in interest being the same so far as her rights are involved.  But we also hold that the decree in the partition proceeding was correct even on the theory that the lands were partnership property.

Notwithstanding the conflict of authority on the subject, it is the settled law of this country that the legal title of the partnership realty is held by the partners as tenants in common subject in equity to be used in settling the liabilities of the copartnership; that when the debts of the firm are paid, " all the incidents and qualities of real estate *revive*," and it will become subject to dower, and descend to the heir as in any other tenancy in common.  Freeman on Co-tenancy and Partition, Sec. 118.  " Therefore, in this country, when the firm has been dissolved, or when it is evident that it can no longer continue its business, real estate constituting part of its assets may be divided by compulsory partition if it be shown that such realty will not be required to satisfy any liabilities of the copartnership."  *Ib.*, Sec. 443, and cases cited in Note 3.  The correctness of this doctrine is clearly recognized in Strong et al. v. Lord et al., 107 Ill. 25.  See also Parsons on Partnerships, 272 and 273; Lang's heirs v. Waring, 25 Ala. 625; Shearer v. Shearer, 98 Miss. 107; Scruggs v. Blair, 44 Miss. 406.

It is conceded here that the personal assets of the firm

largely exceeded its liabilities. Appellee proves herself, by the introduction in evidence of the former report of appellant as surviving partner, that she has received a considerable sum of money after payment of the partnership debts. Therefore, on the proof made, the widow and heirs of John C. Pepper, upon his death, had the right to have the one hundred acres of land treated as real estate, and were entitled to an assignment of dower and partition thereof at once. Which being true, all the rents, issues and profits of the same passed to the heir and not to the administratrix.

We find nothing, either in our statute or the common law (of which the statute is but declaratory), which gives the administratrix of the deceased partner, under the evidence in this case, any right to demand of the surviving partner the rents and profits of this land.

Finding no theory of the evidence on which the judgment below can be sustained, we shall not prolong this opinion by an examination of the points made on the instruction.

*Reversed and remanded.*