MacGregor v. Malarkey.

---

## C. C. MacGregor v. Jeannette Malarkey.

1. CLOUD UPON TITLE—*When a Bill to Remove Can Not be Maintained.*—A successful bidder upon real estate at partition sale can not maintain a bill to remove a cloud from the title to said real estate, where the sale has not been reported by the master nor confirmed by the court, and where no deed has been delivered, even though the bidder has paid the master the amount of his bid in money or securities.

2. CHANCERY PRACTICE—*When a Title is Found Defective Pending Partition Proceedings.*—Where complainant in a partition suit procures an abstract of title to the land, and it is exhibited by the master in making sale, and is sold with the land, if before report and confirmation of sale a judgment lien is discovered not shown upon the abstract, the court has power in that cause to protect the purchaser; and he can not, before the sale is reported and confirmed and deed delivered, file an independent bill in equity for relief.

**Bill to Remove a Cloud.**—Appeal from the Circuit Court of Ogle County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed June 8, 1900.

CHESTER FIREBAUGH and FRED B. SILSBEE, attorneys for appellant.

J. C. SEYSTER and W. P. FEARER, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee filed a bill against appellant and others to remove, as a cloud upon the title appellee bought at a master's sale in a chancery suit to partition the lands of Maria Smith and others, the lien of a judgment held by appellant against C. A. Smith and Mrs. M. E. Smith, his wife, alleging that it is now claimed Maria Smith and Mrs. M. E. Smith are the same person, and that complainant bought in ignorance thereof. The bill was amended several times. Appellant demurred to the amended bill, the demurrer was overruled, appellant elected to abide by his demurrer, and a decree was entered setting aside the lien of said judgment.

We think the bill must be understood to admit that Mrs. M. E. Smith, defendant in the judgment, and Maria Smith, who owned an interest in the lands sold under partition decree, were the same person. The statute therefore made the judgment a lien upon the lands. The chief questions argued are, whether the record of the judgment against Mrs. M. E. Smith, wife of C. A. Smith, was notice to an intending purchaser at partition sale of a judgment against Maria Smith, who is averred to be the wife of Charles Smith, and whether equity will relieve the lands of the lien in favor of a purchaser who bought in ignorance of the identity of the parties. We conclude that, however those questions should be decided, the bill does not state a case entitling complainant to relief.

The bill states the complainant bought the land at master's sale, and has paid and secured the purchase price; that complainant in the partition suit procured an abstract of

·the title to said lands from a reliable firm of abstracters; that the master in chancery exhibited said abstract at said sale and sold it with the lands; that complainant relied upon the correctness of said abstract in buying said lands, and that the abstract did not show said judgment. The bill does not aver that the sale has ever been reported to the court, or approved, or that any deed of said lands has been made to complainant, and in the absence of averment we must assume these steps have not been taken. Indeed, her counsel is understood to admit in his brief that the sale has not been confirmed. There are therefore two objections to the bill apparent on its face.

1. Complainant is not the owner of the premises and is not entitled to file the bill, but the title thereto rests in Maria Davis and her co-heirs, parties to the partition suit, and not parties to this suit.

2. Complainant can have complete relief in the partition suit. The court will protect a bidder to whom a defective abstract has been presented under the circumstances stated. The lands sold for $13,680, and the judgment is only for $235. The court below can direct the payment of the judgment from the share of Maria Smith, or, if Maria Smith will not consent thereto, and if it is inequitable to pursue that course under the facts of the case, can release complainant from her bid and return to her her money and securities.

The demurrer should have been sustained. The decree is reversed and the cause remanded.