## 7601

### PEAKE, MASTER, v. RENWICK.

PARTITION—SALE.—When it appears that a purchaser at a partition sale relied not on his own investigation, but on the representations of the selling officer as to the property offered, which was the principal inducement to the purchase, and through an innocent misrepresentation of such officer the purchaser is led into buying one piece of property when he supposed he was buying another, he should be relieved, either in *pro tanto* abatement of the purchase price or total rescission of the sale as is most equitable to all parties.

Before GARY, J., Union, May, 1908.   Reversed.

Action by C. H. Peake, master for Union county, against John W. Renwick and Cornelia Herndon.   From circuit judgment, plaintiff appeals.

*Messrs. Wallace & Barron,* for appellant, cite: *Compliance after knowledge of the facts is binding:* 13 S. C., 203; 41 S. C., 515; 34 S. C., 559.   *No discount permissible here:* 9 Rich., 521; 13 S. C., 203; 41 S. C., 511; 2 Speer., 9.

*Messrs. Townsend & Townsend,* contra, cite: *Party may act on information received from one who should know:* 2 Pom. Eq. Jur., secs. 895, 888. *Defendants could get information from no other source:* 22 S. C., 32; 16 Ency., 803; 2 Pom. Eq. Jur., sec. 895, 891; Eaton on Eq., 299, 298; 27 Atl., 894.

July 4, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   This was an action to foreclose a mortagage given by defendants to plaintiff, as master, for the credit portion of the purchase price of a lot in the town of Union, sold under order of Court for partition amongst the heirs of C. C. Culp.

By mistake, the lot, as described in the complaint, in the advertisement for sale, and in the master's deed to defendants and their mortgage to him, included a lot which had been sold by Mr. Culp some years before his death to Dolly Ann Hawkins, upon which there were valuable improvements—including a dwelling house, well, orchard and vineyard.

The defendants knew that Dolly Ann Hawkins was, at the time of the sale, and, for many years prior thereto, had been in possession of a part of the lot covered by the description, but allege that they believed, nevertheless, that they were buying all the land included within the boundaries given, and, before complying with their bid, they called the attention of the master to the fact that she was in possession of a part of the lot, and were assured by him that they would get all the land covered by the description, and that, relying upon his assurance, they completed the purchase by paying the cash portion of their bid and executing the bond and mortgage.

Having failed to get possession of the Hawkins lot, they refused to pay the bond given for the balance of the purchase price, and to the complaint herein they pleaded failure of consideration.

The Circuit Judge found that, on account of the mistake in the description, the master thought he was selling, and the defendants thought they were buying, the Hawkins lot, together with the adjacent vacant lot, which alone was intended to be sold; that the minds of the parties did not meet, and, therefore, no contract was made, and he dismissed the complaint.

It was error to dismiss the complaint. The decree should at least have restored the parties to their original condition.

The rule of *caveat emptor* does not apply to judicial sales of property for partition. The officer making such sales is the agent of the parties to the action, and his representa-

tions are binding upon them. *Tunno* v. *Fludd,* 1 McC., 121; *Bank* v. *Bramlett,* 58 S. C., 477, 36 S. E., 912.

While the Court will not lend too ready ears to defenses by which parties seek to get rid of the obligation of contracts solemnly entered into, especially as, in cases like this, the Court will afford reasonable opportunity for investigation of the titles to property sold under its order, and will even order a reference to ascertain whether they be good; still, where it appears that a purchaser at such sale has been imposed upon by fraud or misrepresentation, even when the misrepresentation was innocently made, as it was in this case, and where it further appears that he relied not upon his own investigation and judgment, but upon such misrepresentation, and that it was a principal inducement to the purchase, he is entitled, in an action brought against him for the purchase money, to relief, which may, according to the circumstances, consist either in a *pro tanto* abatement of the purchase price, or in a total rescission of the contract. *Means* v. *Brickell,* 2 Hill, 657; and *Latimer* v. *Wharton,* 41 S. C., 508, 19 S. E., 855, and the cases cited therein.

In this case, as the Hawkins lot is improved, and the lot which was intended to be sold is not improved, a *pro tanto* reduction of the purchase price would probably result inequitably to the heirs of Mr. Culp, who, according to the testimony, thought that only the vacant lot was being sold, and made it bring a price with which they were satisfied. Therefore, the sale should be wholly rescinded and the original status of the parties restored, unless the defendants are now willing to confirm the purchase and pay the bond and mortgage sued on and take that portion of the lot covered by the description in their deed, exclusive of the Hawkins lot.

Judgment reversed.

MR. JUSTICE WOODS *did not sit in this case.*