(No. 32184.—

Sam L. Berman, Appellant, *vs.* Michael J. Birney *et al.,* Appellees.

*Opinion filed May 22, 1952.*

GEORGE YELLEN, of Chicago, for appellant.

DAVID H. KRAFT, of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Sam L. Berman, co-owner of certain real estate in the city of Chicago, filed suit for partition in the superior court of Cook County. Pursuant to a decree therein, the premises were sold at a master's sale in which plaintiff was the highest and best bidder. An order was subsequently entered approving the sale and directing the master to deliver a deed to plaintiff upon payment of the balance of the bid price. He thereafter filed a petition in which he prayed that the order of approval be vacated and the sale rescinded. Answers were filed by the master and by the defendants in the partition suit, and, after a hearing, an order was entered denying the petition. Plaintiff appeals directly to this court on the ground that a freehold is involved.

The decree ordering a sale was entered on February 21, 1951. It directed that the real estate be sold at public auction either subject to the unpaid balance of a certain mortgage thereon, or free and clear thereof provided that

the proceeds of sale be first applied to the mortgage indebtedness. A sale was duly held by the master on April 27, and the premises were sold to the plaintiff free and clear of the mortgage. On May 9, by agreement of the parties, an order was entered granting plaintiff permission to order an opinion of title from the Chicago Title and Trust Company "showing good title, subject to the usual objections," and authorizing the master in chancery to pay the charges for such opinion out of the funds to be realized from the sale. On May 14, the order was entered approving and confirming the sale. The order recited that the master had in every respect proceeded in due form and in accordance with the terms of the decree, and that current taxes and rent were to be prorated as of the date of payment of the balance of the bid price and delivery of the master's deed.

On June 7, plaintiff filed his original petition alleging that prior to the bidding the master announced the premises would be sold free and clear with taxes prorated; that an opinion of title, obtained by plaintiff pursuant to the order of May 9, disclosed a tax sale for 1949 general taxes, in the amount of $323.41 plus interest and penalties, and an eight-foot easement across the premises for an alley; and that the master refused to "clear up or pay the objections." In this petition, plaintiff prayed that the master be directed to clear up and pay these objections out of the proceeds of the sale. In a supplemental verified petition filed on June 12, plaintiff alleged that because of the objections a good and merchantable title could not be given by the master. He then prayed that the order of approval be vacated, the sale rescinded and his purchase money returned. In their answers the master and the defendants denied that the former had announced the premises would be sold free and clear. They alleged he announced that the premises were offered free and clear of the first mortgage and that the rule of *caveat emptor* would apply. At the hearing on the petition, the court refused to consider

plaintiff's offer to prove that the sale was announced free and clear as alleged in the petition. After hearing a state-ment by the master as to what transpired at the sale, the court refused to allow plaintiff to present his evidence. An order was entered denying the petition and directing plain-tiff to complete payment of the bid price within five days. Plaintiff thereafter completed the payment in accordance with the order, and a master's deed was duly delivered to him.

Defendants have made a motion in this court to dismiss the appeal, for a release of errors by plaintiff and for other reasons. The position cannot be sustained. The fact that plaintiff paid the balance of the bid price and accepted a deed to the property cannot constitute a release of errors. The rule that acts performed in obedience to a decree or order of court do not operate as a release of errors is too clear to require the citation of authority. We have exam-ined other arguments by defendants in support of their motion and find they are also without merit.

To reverse the order plaintiff contends that the court, in refusing to permit him to introduce evidence in support of his petition, deprived him of due process of law; that the alleged announcement of the master at the time of the sale, and the order of May 9 authorizing the master to pay the cost of an opinion of title from the proceeds of sale, showed he was to receive a good and sufficient title; and that the defects or objections disclosed by the opinion of title required the court to set aside the order approving and confirming the sale. There is no merit in the conten-tions. The general rule in this State is that on a judicial sale of land in proceedings for partition, the court does not undertake to sell more than the title of the parties to the suit. The doctrine of *caveat emptor* applies, the pur-chaser taking at his own risk as to the title. (*Bassett* v. *Lockard,* 60 Ill. 164; *McManus* v. *Keith,* 49 Ill. 388.) The decree ordering the sale in the case at bar contains

no provisions concerning a warranty of the title. It does not purport to depart from the general rule other than to authorize a sale free and clear of the specified mortgage indebtedness, which was to be paid from the proceeds of sale. Nor does the order of May 9 have the effect urged by plaintiff. It merely granted him leave to order an opinion of title, and authorized the master to pay out of the funds realized from the sale the usual and customary charges therefor. It did not purport to modify the terms or conditions of the sale, which had previously taken place. The master's report of sale does not mention that any warranty of title was given or that the property was sold free and clear of all defects in the title, but states that it was offered for sale "upon the terms and conditions set forth in the decree." The order confirming the master's report likewise fails to support the position of the plaintiff. It expressly finds that the master proceeded "in accordance with the terms of the decree." Even if we assume he announced the sale would be "free and clear," as alleged by plaintiff, it is apparent that the statement does not purport to warrant the title. When considered with reference to the terms of the decree, the statement obviously meant free and clear of the mortgage. Under the provisions of the decree, the sale could be made either subject to the mortgage or free and clear of it. Under the circumstances of this case, therefore, no purpose could be served by evidence that the alleged statement had been made, and the court was justified in refusing to hear such evidence.

The present petition manifestly fails to allege any matters which would warrant the court in vacating the order confirming the master's report. There is no claim that defendants practiced any deception upon plaintiff which influenced him to bid at the sale. The matters alleged to affect title appeared of record, and it was his privilege to be fully informed so that he could bid understandingly at the sale. In such cases it is presumed that the buyer was

aware of such alleged liens or defects, and, with full knowledge of their existence, chose to buy the property with its burdens. (*Dorris* v. *Johnson,* 363 Ill. 236; *Roberts* v. *Hughes,* 81 Ill. 130.) The rule is especially applicable where, as here, the buyer was one of the owners of the premises sold, and is the person who instituted the proceedings for partition.

Neither the decree of sale nor any subsequent order of the court gave the master any authority to warrant the title, nor did he purport to assume such authority. There is nothing in this record to support the claims of the plaintiff. His petition is without any equitable basis, and was properly denied.

The order of the superior court of Cook County is affirmed.

*Order affirmed.*