Checkley and Company, Inc., and Franklin B. Bartholow, Plaintiffs-Appellants, v. The Citizens National Bank of Decatur, a National Banking Corporation, Clyde Sturgell, Sr., Annetta Sturgell, and Eugene Miller, in His Capacity as Sheriff of Douglas County, Illinois, Defendants-Appellees.

Gen. No. 10,987.

Fourth District.

November 18, 1968.

Kenneth E. Baughman, of Tuscola, for appellants.

Armin E. Baer, of Tuscola, Baird & Latendresse, of Decatur (Lloyd F. Latendresse, of counsel), for appellees.

CRAVEN, J., delivered the opinion of the court.

This appeal presents the question whether a purchaser at a partition sale is entitled to recover a pro tanto portion of the purchase price bid by him where the land sold at a price per acre based upon a definite metes-and-

bounds description of a certain number of acres, "more or less," and by later survey it is determined that there is a shortage of 6.68 acres due to an encroachment neither of record nor alleged to be ascertainable by visual inspection.

Plaintiff-appellant corporation, through its agent, H. R. Checkley, bid off and purchased for $800 an acre at public partition sale held by a sheriff, a tract of land. The land was offered on a per-acre basis. The advertised legal description was by metes and bounds, but the tract was also referred to as "80 acres, more or less." Thereafter, the corporation had a survey made of the purchased tract which showed only 73.32 acres, or 6.68 acres less than the 80. Neither the purchaser nor the sheriff were aware of the shortage until after the survey. The purchaser paid $719.80 for the survey. The shortage was not apparent from the record title nor from the metes-and-bounds description.

Plaintiffs filed their complaint for recovery of $5,344 on the basis of $800 an acre for the 6.68 acre shortage and for $719.80, the cost of the survey. Judgment was prayed against defendant-bank and Clyde Sturgell, Sr., as administrators of the estate of Hattiebelle Fornof, deceased, to whom a portion of the proceeds of the partition sale of this and other tracts was paid, and against Annetta Sturgell, one of several of the heirs to whom the remaining proceeds of the sales were paid. Upon motion, the trial court dismissed the complaint. Two additional counts of the complaint for relief against the sheriff were voluntarily dismissed by plaintiffs. It appeared that some $300,000 of the total of the partition sales moneys had been transferred to the bank and Sturgell as administrators to pay debts and taxes of the estate and the remainder distributed to some nine heirs, including Annetta Sturgell.

■■ Judicial sales long have been favored by the courts as a means of executing court decrees. The doc-

trine of "caveat emptor" is applicable to judicial sales in Illinois, including sales in partition proceedings. This doctrine is that purchasers at a public judicial sale are chargeable with notice of all matters of record and affecting title and are subject to any defects of record. Likewise, purchasers are chargeable with notice of the interest and title of persons in possession and matters notorious and visible. 23 ILP, Judicial Sales, § 14; Berman v. Birney, 412 Ill 240, 106 NE2d 178 (1952); McManus v. Keith, 49 Ill 388.

■ Warranties and representations as to title ordinarily are not made or implied to judicial sales. Deficiencies in or failure of title afford no relief in the absence of fraud or misrepresentation in such sales. Berman v. Birney, supra. These principles have been adopted as a matter of public policy to facilitate and encourage judicial sales. Such sales are costly, and recisions and resales would cause heavy expense, inconvenience and delay.

■ Where, however, as here, the sale is by a definite metes-and-bounds description and it is alleged that the tract was offered for sale and bid at the sale on the basis of 80 acres on a per-acre unit basis, the application of these principles would work an injustice arising from a mutual mistake of fact. While this issue appears never to have been passed upon by the courts of this state, relief under similar facts has been granted in other jurisdictions. Swanson v. Baldwin, 249 Iowa 19, 85 NW2d 576 (1957), annotated at 69 ALR2d 249; Peake v. Renwick, 86 SC 226, 68 SE 531 (1910). We feel that equity requires an abatement of the sale price on a per-acre basis for the shortage in acreage of 6.68 acres. However, since officers selling at judicial sales are not required to make a survey of the property, no allowance can properly be made for the cost of the survey.

The further contentions that the administrators and a single heir should not be liable for the recovery of the

pro tanto sale price do not merit prolonged discussion. The sale price paid must be refunded by those who received it. Certainly the administrators are alleged to have received an overplus of the liabilities required to be paid by them, and recoupment first should be made from their funds. Should the funds in their hands be insufficient to pay the entire sum, the other disributee-heirs would be liable, whether one or more, upon being joined in the proceeding. Accordingly, the order of the trial court dismissing the complaint should be reversed and this cause remanded with directions.

Judgment reversed and remanded with directions to overrule the motion to dismiss and to proceed in a manner not inconsistent with the views here expressed.

SMITH, P. J. and TRAPP, J., concur.