(No. 41881.—

CHECKLEY AND COMPANY, INC., *et al.,* Appellees, *vs.* THE CITIZENS NATIONAL BANK OF DECATUR *et al.,* Appellants.

*Opinion filed November 26, 1969.*

UNDERWOOD, C.J., took no part.

ARMIN C. BAER, of Tuscola, and BAIRD, LATENDRESSE & McCARTHY, of Decatur, for appellants.

KENNETH E. BAUGHMAN, of Urbana, for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

The question presented is whether under the facts of this appeal the rule of *caveat emptor* may be invoked against a purchaser of lands at a judicial sale.

A judicial sale of land, hereafter described as Tract F, was ordered following the institution of a partition proceeding in the circuit court of Douglas County. The announcement of the sale described the land by metes and bounds and referred to Tract F as "80 acres more or less." The land was offered for sale and bid off on the basis of 80 acres on a per acre unit basis. The highest bid, $800 per acre, was made by the appellee Checkley and Co., and was accepted by the sheriff, who conducted the sale.

After the purchase price had been paid and the sale confirmed, a survey ordered by the appellee Checkley and Co., disclosed that there was an encroachment, as the parties describe it, on Tract F which had been acquired through adverse possession by a person not identified in the record. The complaint did not allege whether that person was in open possession at the time of sale nor was there any allegation that his interest was not discoverable through the exercise of care on the part of the appellee purchaser. The encroachment, of which the sheriff and the appellee Checkley and Co. were unaware at the time of sale, extended to 6.68 acres of Tract F. When the request of the appellee Checkley and Co. for a pro rata refund was denied, Checkley and Co. and Franklin B. Bartholow, its assignee and the present holder of legal title of Tract F, filed suit against the appellants asking that a constructive trust for $5344 plus survey costs, be imposed on the proceeds of the sale. The appellants Citizens National Bank of Decatur and Clyde Sturgell are

joint administrators of the estate of the decedent who had been the owner of Tract F, and the other appellant Annetta Sturgell is an heir of the decedent, to whom a distribution of funds had been made.

The circuit court of Douglas County dismissed the complaint on the appellants' motion. However, the Appellate Court for the Fourth District reversed the judgment, concluding that the complaint did state a cause of action in equity, because the acre shortage resulted from a "mutual mistake of fact." We granted the appellant's petition for leave to appeal.

The rule in this State is that at a judicial sale of land the court and its officers will not be considered as undertaking to sell a title superior to the one involved in the judicial proceedings. (*Berman* v. *Birney*, 412 Ill. 240.) There are no warranties of title given at these sales. The doctrine of *caveat emptor* is applicable and the title to be passed is taken at the purchaser's own risk. (*Bassett* v. *Lockard*, 60 Ill. 164; *Tilley* v. *Bridges*, 105 Ill. 336.) If there has not been fraud or misrepresentation or mistake of fact, application of *caveat emptor* cannot be avoided. *Tilley* v. *Bridges*, 105 Ill. 336; *McManus* v. *Keith*, 49 Ill. 388; 30A Am. Jur. Judicial Sales, §§ 127, 128, 129, 179, 180.

In considering whether the circuit court properly dismissed the appellees' complaint it should be observed that the complaint did not contain any allegation of fraud or misrepresentation which might under the stated law have made out a cause of action. The complaint did allege that at the time of the sale the sheriff, acting for the court, and H. R. Checkley, acting for the appellee corporation, "were unaware of the existence of said encroachments and mutually mistaken as to the true boundary lines of said Tract F." However, when one considers the entire complaint, and especially the portion stating that an adverse possessor had acquired an "encroachment" on 6.68 acres of Tract F, it is

clear that the mistake made was one as to the condition of title to Tract F. The metes and bounds description advertised Tract F as a tract of 80 acres. It is not disputed that the appellees through the sale received what appeared to be title to the 80 acres. The grievance of the appellees really is that there was a failure of title as to the part of the tract adversely possessed. Actually, the mistake was as to the state of the title; in only a derivative and incidental sense was it a mistake as to boundary lines. Instances of deficiencies in the size of land acquired because of a failure of title to a part of the land are to be distinguished from deficiencies in size which arise through mistake of fact or misrepresentation. (See 69 A.L.R.2d 254, 256.) The risk of a mistake or defect as to title under the circumstances is to be borne by the purchaser. (*Berman* v. *Birney*, 412 Ill. 240, 243.) It is the policy of the law to give permanency and stability to judicial sales (see *Cohen* v: *Sorg*, 345 Ill. 557, 563), and generally *caveat emptor* is the rule. The appellees' citation of *Swanson* v. *Baldwin*, 249 Iowa 19, 85 N.W.2d 576, with annotations at 69 A.L.R.2d 249, and *Peake* v. *Renwick*, 86 S.C. 226, 68 S.E. 531, does not persuade. In both these cases misrepresentations were involved. In *Swanson*, it was alleged that the officer who conducted the sale had placed stakes around each tract sold, and warranted the boundaries illustrated by the stakes. It was later discovered that the stakes had been erroneously placed. In *Peake*, the purchasers learned after their bid had been submitted that a portion of the purchased land was in the possession of a third party, and they then inquired of the master concerning this possession. They were assured by the master that they would "get all the land covered by the description." It can be seen that these cases are clearly distinguishable. Here no misrepresentations are alleged to have been made. Nor is the cited authority of *Gibbs* v. *Davies*, 168 Ill. 205, in point, as it clearly concerned a mistake in fact by the master. The land involved had been estimated as 25 acres, when in fact

it was 33 acres. No question of a defect in title appeared.

Similarly, *MacGregor* v. *Malarkey*, 89 Ill. App. 435, does not support the appellees' position. There a master had supplied an abstract of title which failed to disclose a judgment lien on the land. The tendering of the defective abstract was considered to be a misrepresentation. In such an instance a court can grant relief without departing from the general rules applicable to judicial sales. See *Tilley* v. *Bridges*, 105 Ill. 336.

The appellees' complaint did not allege any fraud, misrepresentation or mistake of a character which would entitle a purchaser at a judicial sale to relief. They must bear any loss attributable to defect in title.

The judgment of the appellate court must be reversed and that of the circuit court affirmed.

*Appellate court reversed; circuit court affirmed.*

Mr. CHIEF JUSTICE UNDERWOOD took no part in the consideration or decision of this case.