JOYCE GAPINSKE *et al.*, Plaintiffs-Appellees, v. SHIRLEY NELSON, Defendant-Appellant.

Second District   No. 2—85—0807

Opinion filed December 8, 1986.

Phyllis J. Perko, of Harlovic & Perko, of West Dundee, for appellant.

Peter S. Switzer, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

This is an action for partition brought by the plaintiffs, Joyce Gapinske and Marilyn Smith, against the defendant, Shirley Nelson. Defendant appeals from orders of the circuit court approving the commissioners' report, conforming the sale of the property, and apportioning costs. Defendant contends that: (1) the property should not have been sold without a valuation of its mineral deposits, (2) the price for which the property was sold was inadequate insofar as it reflected less than the true acreage, and (3) the circuit court erred in apportioning costs, which included plaintiffs' attorney fees and omitted the cost of a survey obtained by the defendant.

The parties to this appeal are sisters, each of whom owns a one-third undivided interest in a farm inherited from their parents. The subject property is located in De Kalb County and consists of cropland, farm buildings, two houses, and two inactive gravel pits.

In October 1984, plaintiffs filed a complaint for partition against Shirley Nelson and Gerald Hartman, a tenant in possession under a farm lease, in which the subject property was described by metes and bounds. Defendant Nelson's answer admitted most of the allegations of the complaint but alleged insufficient knowledge of the dimensions of the property and interests of the parties to answer as to them. In December 1984, plaintiffs moved for summary judgment and for the appointment of commissioners to appraise the property, in accordance with section 17—106 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 17—106). In her response opposing summary judgment, defendant Nelson disputed the dimensions of the property and alleged that there were other possible, but undescribed, interests in the property. At a hearing held in January 1985, plaintiffs' attorney conceded that there was an error in the legal description of the property as set forth in the complaint, whereupon the court denied plaintiff's motion for summary judgment. At a hearing on February 13, 1985, defendant Nelson advised the trial court that the questions of property description and interests of parties had been corrected. The court then heard testimony to the effect that the sisters inherited the property from their parents and that it was being farmed by Gerald Hartman under a lease due to expire on February 28, 1985. Plaintiff Gapinske and defendant Nelson each testified that they knew of no one else having an interest in the property. The court entered a judgment for partition, appointed three commissioners to appraise the property, and entered a default judgment against Gerald Hartman. In March 1985, defendant Nelson's attorney withdrew as her counsel and defendant thereafter proceeded *pro se.*

On May 31, 1985, plaintiffs presented the commissioners' report to the court, which set forth appraisals of the property of $564,000, $529,770.15 and $527,700, and recommended that it be sold, as a division in kind was not possible; each appraisal indicated that the property consisted of 296.79 acres. The court ordered the property sold at a price not less than two-thirds of $564,000. Defendant Nelson, appearing *pro se,* informed the court that there was a survey in the hands of the State's Attorney which disclosed a claim for adverse possession, whereupon the court inquired of the parties whether title was disputed. Plaintiffs' attorney replied that the title report indicated there was merchantable title, and the court ordered the property sold subject to matters set forth in the title insurance policy.

On July 3, 1985, a hearing was held in order to establish the terms of sale and defendant stated that she wanted the notice of sale to show the existence of potential gravel deposits. The court entered an order specifying that the property be offered in separate parcels of 118.67 acres with buildings and of 178.12 acres, and then as a whole. The court also ordered that the notice of sale note the existence of gravel pits.

The property was sold at public auction in August 1985, and in September 1985, a hearing was held for approval of the sale and to assess costs. Plaintiffs filed a report of sale which stated that the property was sold to Richard Van Evera, as agent for the plaintiffs and their spouses, for the sum of $477,831.90, which was $101,869 in excess of two thirds of the highest appraisal. The report also set forth a total of $10,700 in costs and $14,300 in attorney fees. Defendant, who now appeared with counsel, filed responses objecting to the assessment of attorney fees and confirmation of the sale, alleging that she had obtained a survey which indicated the total acreage to be 300.96 acres and which rendered the purchase price deficient by $6,713.70. Defendant also alleged that the notice of sale did not adequately disclose the existence of mineral deposits and that total costs should include the cost of the survey she had obtained. Defendant's attorney produced a survey dated March 28, 1985, which set forth the acreage of the property as 300.96 acres, but it was neither offered nor admitted in evidence.

The circuit court entered an order approving the sale. On September 26, 1985, the court assessed attorney fees in the amount of $12,000 and ordered that the fees and costs be equally apportioned among the parties. Defendant appeals.

■ Defendant first contends that the court erred in ordering a sale of the property without a valuation of the mineral deposits. The

proper measure of land is its fair cash market value as a whole, including all minerals, timber, improvements, and appurtenances. (*Department of Transportation v. Toledo, Peoria & Western R.R. Co.* (1978), 59 Ill. App. 3d 886, 890, 376 N.E.2d 88, *aff'd* (1979), 75 Ill. 2d 436, 389 N.E.2d 546.) Mineral deposits are to be considered to the extent they enhance the market value of the land. *Department of Public Works & Buildings v. Oberlaender* (1969), 42 Ill. 2d 410, 415, 247 N.E.2d 888.

In their appraisals, the commissioners noted the existence of gravel deposits on the property but concluded that the highest and best use of the property was agriculture. Commissioner Douglas Hodge stated that the present zoning of the property prohibited the mining of gravel and that a variance would have to be obtained to conduct mining operations. Commissioner Jack Goodrich concluded that the gravel pits added little economic value to the property owing to the zoning restrictions and the lack of a market for gravel.

Defendant was present at the May 31, 1985, hearing wherein the commissioners submitted their reports and the court set an upset bid based upon the highest appraisal. Defendant did not then object to the valuations of the property or complain that the commissioners failed to determine the value of mineral deposits. Defendant was also present at the July 3, 1985, hearing where the court set the terms of the sale, and she requested that the notice of sale specify the existence of, in her words, a "potential gravel deposit pond," and the court so ordered. She did not raise any question regarding the valuation of the gravel deposits. It was not until the September 13, 1985, hearing to approve the sale that defendant complained the notice of sale had not adequately described the extent of mineral deposits on the property.

■ The trial court in a partition proceeding has discretion in approving the commissioners' report and may appoint other commissioners to revalue the property. (Ill. Rev. Stat. 1985, ch. 110, par. 17—110.) Where a party has actual notice of a commissioner's report but offers no objection to it, he will be held to have waived his objections. (*Varney v. Yangas* (1974), 24 Ill. App. 3d 364, 373, 321 N.E.2d 353.) An issue not raised in the trial court is deemed waived on appeal. (*People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313, 335 N.E.2d 448; *Garrison v. Garrison* (1981), 99 Ill. App. 3d 717, 722, 425 N.E.2d 518.) Since defendant never questioned whether the valuation of the property included the mineral deposits, she waived the issue, and we will not consider it for the first time on appeal.

■ Even if not waived, it is apparent that any valuation of gravel deposits in the present case would be speculative and therefore improper. Values which are future in character may not be taken into

consideration where they are so elusive and difficult of ascertainment that they have not affected the present market values of the property. (*People ex rel. Carr v. Stewart* (1924), 315 Ill. 25, 31, 145 N.E. 600; *Department of Transportation v. Toledo, Peoria & Western R.R. Co.* (1978), 59 Ill. App. 3d 886, 892, 376 N.E.2d 88, *aff'd* (1979), 75 Ill. 2d 436, 389 N.E.2d 546.) Since the gravel pits were inactive and the mining of gravel was contingent upon the owner obtaining a zoning variance, the extent to which gravel deposits contributed to the value of the subject property was speculative and properly excluded from a valuation of the property.

■ Defendant next seeks to set aside or modify the terms of the sale because of inadequacy of price. She argues that plaintiffs purchased more land than they bid for at the sale, as disclosed by a later survey which purports to show the true acreage of the property as 300.96 acres, rather than 296.79 acres. Since the property was sold at $1,610 per acre, defendant has reasoned that the price was inadequate by $6,700. The record shows that defendant obtained the survey during the course of the proceedings but did not offer it to the trial court until after the sale at the September 13, 1985, hearing. The survey is dated March 28, 1985, and for reasons not disclosed in the record, defendant gave the survey to an assistant State's Attorney to hold for her. The survey was not admitted into evidence, but was submitted in support of defendant's objections to approval of the report of sale.

The general rule governing sales which require confirmation by the court, which includes partition sales, is that the court has broad discretion in approving a sale and may refuse to do so because of inadequacy of price. (*Ryerson v. Apland* (1941), 378 Ill. 472, 476, 38 N.E.2d 712.) Our supreme court has suggested that a judicial sale may be set aside where there is a deficiency in price because of a mistake in the acreage. See *Checkley & Co. v. Citizens National Bank* (1969), 43 Ill. 2d 347, 350-51, 253 N.E.2d 441; *Gibbs v. Davies* (1897), 168 Ill. 205, 211, 48 N.E. 120.

■ In the present case, there was an apparent error in the amount of acreage at which the property was offered and sold, which would render the price paid for the property inadequate. On March 28, 1985, defendant obtained a survey indicating the property contained 300.96 acres. The appraisals submitted to the court on May 31, 1985, set forth the acreage of the property as 296.76 acres. On July 3, 1985, the trial court ordered that the property be offered for sale in parcels of 118.67 and 178.12 acres and then as a whole. Although for approximately six months prior to the sale defendant had reason to believe the assumed acreage was inaccurate, she raised no objection until the Sep-

tember 13, 1985, hearing on the report of sale. By failing to raise earlier the discrepancy in the amount of acreage, defendant waived any objection to the inadequacy of the price upon sale. *Varney v. Yangas* (1974), 24 Ill. App. 3d 364, 373, 321 N.E.2d 353.

■■ ■ Last, defendant contends that the circuit court erred in apportioning plaintiffs' attorney fees equally among the parties. Section 17—125 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 17—125) provides for an equitable apportionment of costs, including plaintiff's attorney fees, unless the defendant has interposed "a good and substantial defense" to the complaint. It is error to apportion the attorney fee where the suit is contested and defendants in good faith advanced reasonable and substantial grounds on which they defended. (*Gebhardt v. Warren* (1948), 399 Ill. 196, 204, 77 N.E.2d 187; *Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 52-53, 196 N.E.2d 714.) The provision is based upon the fact that the attorney acts for all interested parties. *Stunz v. Stunz* (1890), 131 Ill. 210, 220, 23 N.E. 407; *Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 916, 308 N.E.2d 811.

■ The record shows that defendant did not deny any of the allegations contained in the complaint, nor did she raise any affirmative defense or offer any motions attacking the sufficiency of the complaint. Defendant contends that her allegations of insufficient knowledge as to the description of the property and the interests of the parties constituted a good and substantial defense; however, we do not consider this type of responsive pleading to be tantamount to a defense. Under these circumstances, an apportionment of attorney fees was proper.

■ Defendant also argues that the cost of the survey should have been apportioned among the parties because the survey was necessary to resolution of the litigation. The record does not bear out defendant's assertions of the utility of the survey, or its benefit to all the parties (*O'Malley v. Walker* (1955), 4 Ill. App. 2d 555, 564, 124 N.E.2d 690), considering the fact that defendant withheld the survey from the plaintiffs and the court until after the sale.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.